**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SERPAPI, LLC,<br><br>Defendant. | Case No. 25-cv-10826-YGR<br>Hon. Yvonne Gonzalez Rogers<br><br>Time: May 19, 2026 at 2:00 P.M.<br>Court: Courtroom 1, 4th Floor |

**[PROPOSED]
<u>ORDER GRANTING SERPAPI, LLC'S MOTION TO DISMISS</u>**

Upon consideration of Defendant SerpApi, LLC's ("SerpApi") Motion to Dismiss (the "Motion"), the pleadings and papers filed in support of and in response to the Motion, and argument of counsel, for good cause shown,

**IT IS HEREBY ORDERED:**

1. SerpApi's Motion is GRANTED.

2. Google fails to state a claim for which relief can be granted because Google lacks statutory standing under the DMCA, 17 U.S.C. § 1203(a). Because Google does not allege that it is a copyright owner, but only alleges that it is a website operator and non-exclusive licensee of certain copyrighted content, its alleged injury does not proximately fall within the zone of interests Congress sought to protect, as required under *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

3. Google fails to state a claim for which relief can be granted because the Complaint does not allege that an effective technological measure controlling access to copyrighted works has been implemented "with the authority of the copyright owner," as required by 17 U.S.C. § 1201(a)(3)(B).

4. The Complaint fails to state a claim for which relief can be granted because the measures alleged, including Google's SearchGuard, are not *effective* technological measures within the meaning of 17 U.S.C. § 1201(a)(3)(B). The alleged measures are not effective technological measures for three independent reasons.

  a. *First*, Google does not allege that the measures protect all routes of access, as required by *MDY Indus. LLC v. Blizzard Ent., Inc.*, 629 F.3d 928 (9th Cir. 2010), and *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004), but rather the Complaint alleges that all the content is available without technological access control measures off of google.com.

  b. *Second*, the Complaint only alleges that its measures control access to a public website, which SerpApi otherwise has the right to search, and does not allege that the measures are specifically designed or reasonably tailored to protecting copyrighted content. Construing the DMCA to reach such measures would contravene the Ninth Circuit's direction in *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180 (9th Cir. 2022), to avoid construing access statutes in ways that would create information monopolies.

  c. *Third*, under the Ninth Circuit's decision in *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180 (9th Cir. 2022), bot detection systems are not an effective means for controlling access to public websites without authorization, and thus, access to any copyrighted content on such websites are not controlled by an effective technological measure.

5. The Complaint fails to state a claim for which relief can be granted because it fails to allege any circumvention of the alleged measures within the meaning of 17 U.S.C. § 1201(a)(3)(A). The Complaint has not alleged unscrambling, decryption, impairment, removal, deactivation, or other similar forms of hacking. It only alleges disregarding robots.txt notices, solving CAPTCHA queries, responding to prompts, and mimicry of a human browser on a public website, which, for the reasons set forth in *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180 (9th

Cir. 2022), construing the analogous Computer Fraud and Abuse Act, does not constitute circumvention under the statute.

6. Count II of the complaint fails to state a claim for trafficking in circumvention technology under 17 U.S.C. § 1201(a)(2). The claim fails for three independent reasons. *First*, the Complaint fails to allege a violation – or that SerpApi's services can be used to commit a violation – under 17 U.S.C. § 1201(a)(1) for the reasons described above. *Second*, the Complaint does not allege a sale of circumvention technology separate from the delivery of successfully scraped public information. The sale of the latter does not constitute trafficking in circumvention technology even if the defendant used such technology to scrape the data that it later sold. *Third*, the Complaint does not allege a lack of any commercial purpose other than copyright access circumvention. The Complaint specifically alleges that SerpApi's technology can be used to scrape public, non-copyrighted information on google.com. That is a lawful commercial purpose, which defeats any claim for trafficking.

7. The Complaint fails to state a claim for which relief can be granted because it does not allege an injury to a legal interest Congress sought to protect, as required under 17 U.S.C. § 1203(a). Google's alleged costs in maintaining its website and instituting its website access control measures are not copyright injuries and are thus not injuries that Congress sought to protect. Nor has Google plausibly alleged a proximate injury-in-fact to the non-exclusive copyright interests that it has licensed and continues to enjoy.

**IT IS SO ORDERED.**

DATED:

                                                   _____
                                                   Hon. Yvonne Gonzalez Rogers
                                                   United States District Judge