Joseph E. Clark (SBN 281021)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
jclark@proskauer.com

*Attorney for Defendant SerpApi, LLC*

*Additional Counsel listed on Signature Page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

        Plaintiff,

           v.

SERPAPI, LLC,

        Defendant.

Case No. 25-cv-10826-YGR
Hon. Yvonne Gonzales Rogers

Time: April 28, 2026, 2:00 p.m.
Court: Courtroom 1 – 4th Floor

## SERPAPI'S MOTION TO STAY DISCOVERY

### NOTICE OF MOTION

PLEASE TAKE NOTICE that the hearing on SerpApi's Motion to Stay Discovery will take place on April 28, 2026 at 2:00 p.m.

The motion seeks a stay of discovery pending resolution of SerpApi's Motion to Dismiss Google's Complaint.

### STATEMENT OF ISSUES TO BE DECIDED

1. Should discovery be stayed until SerpApi's Motion to Dismiss is decided, where SerpApi's Motion is dispositive of the entire case and where the Motion can be decided absent additional discovery?

# TABLE OF CONTENTS

I.      INTRODUCTION. ................................................................................................................ 1

II.     A STAY SHOULD BE GRANTED BECAUSE IT FURTHERS THE JUST, SPEEDY, AND EFFICIENT RESOLUTION OF THE MATTER. ................................. 2

III.    A PRELIMINARY PEEK AT SERPAPI'S MOTION TO DISMISS SHOWS A DISCOVERY STAY IS APPROPRIATE. ......................................................................... 3

IV.     SERPAPI'S MOTION TO DISMISS CAN BE DECIDED WITHOUT ADDITIONAL DISCOVERY. ...................................................................................... 5

V.      A STAY CAUSES NO PREJUDICE, BUT ITS ABSENCE WOULD. ........................... 6

VI.     CONCLUSION. ................................................................................................................. 7

## TABLE OF AUTHORITIES[1]

**Page(s)**

CASES

*Arcell v. Google LLC*,
2022 WL 16557600 (N.D. Cal. 2022) ...................................................................................2

*Cellwitch, Inc. v. Tile, Inc.*,
2019 WL 5394848 (N.D. Cal. 2019) .....................................................................................2

*Couponcabin LLC v. Savings.com, Inc.*,
2016 WL 3181826 (N.D. Ind. 2016).....................................................................................5

*Garcia v. TDBBS, LLC*,
2025 WL 1755648 (N.D. Cal. 2025) ........................................................................2, 3, 5, 6

*Hall v. Tilton*,
2010 WL 539679 (N.D. Cal. 2010) .......................................................................................2

*Hanni v. Am. Airlines, Inc.*,
2009 WL 1505286 (N.D. Cal. 2009) .....................................................................................2

*Heck v. Amazon.com, Inc.*,
2022 WL 16579372 (N.D. Cal. 2022) ................................................................................5, 7

*hiQ Labs, Inc. v. LinkedIn Corp.*,
31 F.4th 1180 (9th Cir. 2022) .............................................................................................4, 5

*In re Google Digital Advert. Antitrust Litig.*,
2020 WL 7227159 (N.D. Cal. 2020) ...................................................................................3, 5

*In re Nexus 6p Prods. Liab. Litig.*,
2017 WL 3581188 (N.D. Cal. 2017) .....................................................................................2

*In re OpenAI, Inc., Copyright Infringement Litig.*,
776 F. Supp. 3d 1352 (U.S. Jud. Pan. Mult. Lit. 2025) ....................................................4, 6

*Kincheloe v. Am. Airlines, Inc.*,
2021 WL 5847884 (N.D. Cal. 2021) ...........................................................................2, 3, 5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)..............................................................................................................4

---

[1] Unless otherwise specified, all emphasis added, initial capitalizations conformed without brackets, and internal citations and quotation marks omitted.

*Little v. Seattle*,
    863 F.2d 681 (9th Cir. 1988) ..................................................................................................2

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*,
    2017 WL 2727874 (N.D. Cal. 2017) ........................................................................................3

*MDY Indus., LLC v. Blizzard Entm't Inc.*,
    629 F.3d 928 (9th Cir. 2010) ..................................................................................................4

*Mlejnecky v. Olympus Imaging Am., Inc.*,
    2011 WL 489743 (E.D. Cal. 2011) ..........................................................................................2

*Pereda v. Gen. Motors LLC*,
    2022 WL 19692037 (N.D. Cal. 2022) ......................................................................................5

*Rae v. Union Bank*,
    725 F.2d 478 (9th Cir. 1984) ..................................................................................................5

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    2020 WL 2843369 (N.D. Cal. 2020) ................................................................................2, 6, 7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) ..................................................................................................7

*Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*,
    2019 WL 9667685 (E.D. Cal. 2019) ........................................................................................3

*Taylor v. Morse*,
    2008 WL 1826029 (N.D. Cal. 2008) ........................................................................................2

*VidAngel LLC v. ClearPlay, Inc.*,
    703 F. Supp. 3d 1329 (D. Utah 2023) ......................................................................................4

**STATUTES**

17 U.S.C. § 1201 ..............................................................................................................................4

17 U.S.C. § 1203 ..............................................................................................................................5

**OTHER AUTHORITIES**

House Judiciary Comm. Report, H.R. Rep. No. 105–551 ...............................................................4

## I.   INTRODUCTION.

SerpApi seeks a stay of discovery pending resolution of its Motion to Dismiss Google's Complaint, which asserts multiple grounds that would dispose of Google's Complaint in its entirety. *See* ECF No. 22 ("MTD").[2]  SerpApi's Motion to Dismiss raises purely legal issues that do not require additional discovery, including Google's very standing under the DMCA to assert an anti-circumvention claim.  This meets the two factors necessary to grant a stay: SerpApi's motion is potentially dispositive of the entire case and can be decided absent additional discovery. SerpApi's request is also limited in time to that needed to determine what, if any, of Google's Complaint will survive.

A discovery stay also makes sense here.  Google claims SerpApi accesses publicly available Google search results "hundreds of millions of [times] each day," that each instance constitutes actionable circumvention under the DMCA, and that for each, it is entitled to statutory damages. *See* ECF No. 1 ("Cmplt.").  The potential scope of that discovery is enormous.  It is also likely unnecessary, certainly if SerpApi's Motion to Dismiss is granted entirely, but also even if a part of it is.  The only copyrighted works Google identifies are not its own, but images licensed from others to display in certain search results.  If the Court finds the DMCA only applies to searches resulting in the display of some images licensed to Google, the scope of discovery is vastly different.  Before embarking on discovery, then, the parties should await the Court's guidance on what claims, if any, will require discovery.

Nor is there any reason to expend the time and resources of the parties, and the Court, *right now*, on discovery that may be completely unnecessary.  Google certainly identifies no reason.  It does not seek preliminary relief.  Nor are there any witnesses in danger of being lost to the vagaries of time.  In short, a brief stay will not prejudice Google.

For these reasons, the Court should grant SerpApi's motion to stay discovery pending resolution of its Motion to Dismiss.

---

[2] Counsel for SerpApi and Google met and conferred regarding SerpApi's Motion to Stay Discovery pending resolution of SerpApi's Motion to Dismiss Google's Complaint on March 9, 2026.

## II.    A STAY SHOULD BE GRANTED BECAUSE IT FURTHERS THE JUST, SPEEDY, AND EFFICIENT RESOLUTION OF THE MATTER.

The Ninth Circuit provides its district courts "wide discretion in controlling discovery." *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming district court's stay of discovery until defendant's immunity from claims was resolved). And district courts routinely grant brief discovery stays pending the resolution of dispositive motions. *See, e.g.*, *Garcia v. TDBBS, LLC*, 2025 WL 1755648, *1 (N.D. Cal. 2025) (granting stay pending resolution of motion to dismiss for failure to state a claim and lack of standing); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, *1 (N.D. Cal. 2020) (granting stay pending resolution of motion to dismiss for lack of antitrust injury, statute of limitations, and failure to state a claim); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, *1 (N.D. Cal. 2019) (granting stay pending resolution of motion to dismiss for failure to state a claim).

In determining whether to grant a stay, courts ask two questions. First, "whether the pending motion is potentially dispositive of the entire case." *Cellwitch*, 2019 WL 5394848, at *1. Second, "whether the court can decide the pending dispositive motion absent additional discovery." *Id.* (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)); *see also In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, *1 (N.D. Cal. 2017); *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, *6 (E.D. Cal. 2011).[3] To answer these questions, courts take a "preliminary peek" at the merits of the pending dispositive motion. *See In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2. When both questions are answered in the affirmative, as they are here, a discovery stay is warranted. Further, courts have considered any prejudicial impact that granting or denying a stay would have on either party. *See*

---

[3] *See also Arcell v. Google LLC*, 2022 WL 16557600, *1 (N.D. Cal. 2022) (staying discovery until the court rules on defendants' motion to dismiss); *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, *1 (N.D. Cal. 2021) (granting stay while considering potentially dispositive motion to dismiss); *Reveal Chat*, 2020 WL 2843369, at *4 (granting Facebook's motion to stay discovery pending a motion to dismiss hearing); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2 (same); *Hall v. Tilton*, 2010 WL 539679, *2 (N.D. Cal. 2010) (staying discovery pending a motion to dismiss); *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, *7 (N.D. Cal. 2009) (granting stay of discovery until resolution of summary judgment motion); *Taylor v. Morse*, 2008 WL 1826029, *1 (N.D. Cal. 2008) (same).

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, *1 (N.D. Cal. 2017). All factors favor a stay.

## III.     A PRELIMINARY PEEK AT SERPAPI'S MOTION TO DISMISS SHOWS A DISCOVERY STAY IS APPROPRIATE.

SerpApi's Motion to Dismiss raises seven independently dispositive issues with respect to Google's Complaint, from lack of standing to failure to meet the statutory requirements of the DMCA to lack of cognizable injury. *See generally*, MTD. Any one will do to dismiss Google's Complaint entirely.

Even a "preliminary peek" shows SerpApi's arguments are at least "sufficiently meritorious for a finding that" a stay is appropriate. *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, 2019 WL 9667685, *1-3 (E.D. Cal. 2019) ("Without determining the merits of the pending motions …, the Court finds that Defendants' arguments are sufficiently meritorious for a finding that the motions are potentially dispositive of the case."); *In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, *2 (N.D. Cal. 2020) (staying discovery because defendant's motion to dismiss "presents formidable arguments"); *see also Garcia*, 2025 WL 1755648, at *2 ("The inquiries into whether [defendant's] Motion to Dismiss is ultimately successful … do[es] not factor into this District's [stay] factors.").

As summarized below, SerpApi's arguments rely on the plain text of the DMCA, binding Ninth Circuit and Supreme Court decisions, and Congress's intent in enacting the DMCA. *See generally*, MTD at 6-24. Certainly, SerpApi has "carried its burden to make a strong showing that its motion to dismiss would be potentially dispositive of the case." *Kincheloe*, 2021 WL 5847884, at *2.

***Google Lacks Standing.***  As explained in the Motion to Dismiss, Google's DMCA claims fail at the threshold because Google lacks statutory standing. *See* MTD at 6-11. The DMCA is a copyright-protection statute designed to safeguard copyright owners' rights to control access to their works. *Id.* at 7-8. It is not a website control statute. The vast majority of information displayed in Google search results is not copyrighted in the first place. It is simply publicly available information. Of the limited copyrighted material that may be displayed in public search

results, Google does not claim to be the copyright owner.  At most, it says it is a non-exclusive licensee of certain images that may appear in certain search results.  Otherwise, it is just a website operator.  And public website operators do not fall within the DMCA's ambit.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *see also VidAngel LLC v. ClearPlay, Inc.*, 703 F. Supp. 3d 1329 (D. Utah 2023) (granting judgment as a matter of law where plaintiff lacked DMCA standing).  Even as a non-exclusive licensee, Google does not possess the right of exclusion that underlies copyright enforcement, and it does not allege that any copyright owner authorized it to impose access controls on their behalf.  MTD at 10-11.

*Google Lacks "the Authority of The Copyright Owner."*  The DMCA is limited to access controls instituted "with the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(B).  Google has not identified any copyright owner that authorized Google's website-wide, monopoly-protection anti-bot system.  In any event, giving general-purpose anti-bot tools DMCA protection would contravene the Ninth Circuit's instruction to narrowly construe anti-circumvention statutes to avoid creating "information monopolies that would disserve the public interest." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1202 (9th Cir. 2022).

*Google's SearchGuard Is Not an "Effective" Access Control Because the Content Is Widely, and Publicly Available.*  By definition, all the content in Google's search results is publicly available elsewhere.  That is the entire function of Google – to provide links to publicly available material on other websites.  As the Ninth Circuit has advised, where a purported access control locks one door but leaves another wide open, there is no DMCA claim.  *See MDY Indus., LLC v. Blizzard Entm't Inc.*, 629 F.3d 928 (9th Cir. 2010); *In re OpenAI, Inc. Copyright Infringement Litig.*, 2025 WL 3635559, *4 (S.D.N.Y. 2025) (dismissing claim where alleged technological measure did not "effectively control[] access.").

*SerpApi Does Not Circumvent; It Solves.*  The DMCA prevents the "electronic equivalent of breaking into a locked room."  *See* House Judiciary Comm. Report, H.R. Rep. No. 105–551, pt. 1, at 17 (1998).  But Google does not allege breaking into anything.  It only alleges that SerpApi "solved" JavaScript challenges or CAPTCHAs, or otherwise mimicked a human-controlled

browser, to access publicly available search results.  That is not a DMCA violation.  *See hiQ*, 31 F.4th at 1198; *Couponcabin LLC v. Savings.com, Inc.*, 2016 WL 3181826, *1, 6 (N.D. Ind. 2016) (dismissing DMCA claim where there was no circumvention).

***Google Suffers No Injury to Copyright Interests.***  Google has not suffered a cognizable injury that Congress cared about in passing the DMCA.  Injury is a statutory requirement to bring a private right of action under 17 U.S.C. § 1203(a).  Google says it spent billions on its search system and anti-bot detectors, but the Act does not protect those investments.  Congress was concerned with copyright.  As Google neither owns the copyrights nor possesses any impaired interest in any copyright, it has no DMCA claim.

## IV.    SERPAPI'S MOTION TO DISMISS CAN BE DECIDED WITHOUT ADDITIONAL DISCOVERY.

SerpApi's Motion to Dismiss satisfies the second factor for a stay because it concerns the facial sufficiency of the allegations and can be decided without additional discovery.  *See, e.g.*, *Pereda v. Gen. Motors LLC*, 2022 WL 19692037, *2 (N.D. Cal. 2022) ("the motion turns on [what] Plaintiffs' complaint plausibly allege[s]….  Further discovery is not required to answer that question."); *Kincheloe*, 2021 WL 5847884, at *2 ("The Court agrees that no additional discovery is necessary to decide the motion to dismiss on plausibility grounds."); *In re Google Digital Advert.*, 2020 WL 7227159, at *3 ("The Court finds that Google's motion to dismiss is based solely on the allegations in the Complaint do not raise any factual issues.  Thus, the Court finds that the motion to dismiss can be decided without additional discovery."); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (finding that district court did not abuse its discretion in granting a motion to stay discovery when a motion to dismiss was pending because no factual issues were raised in the complaint).  That Google may later try to cure its deficiencies through amendment does not change the calculus as to a stay.  *See Garcia*, 2025 WL 1755648, at *2 ("Whether Plaintiff may be granted leave to amend do[es] not factor into [the discovery stay] factors."); *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. 2022) ("The fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery.").

**V.     A STAY CAUSES NO PREJUDICE, BUT ITS ABSENCE WOULD.**

Although not necessary, the Court may consider whether a stay, or its absence, would cause prejudice. *Garcia*, 2025 WL 1755648, at *1-2 (citing Fed. R. Civ. P. 26(c)).

A discovery stay will not prejudice Google. Google does not claim any exigency or seek preliminary relief. Nor are there any documents or witnesses that may be lost while SerpApi's motion is decided. A limited discovery stay will thus cause no prejudice to Google. Absent a stay, however, the parties, and potentially the Court, will lose time and money to issues that may be mooted by a decision on SerpApi's motion to dismiss.

Allowing discovery to proceed while SerpApi's dispositive motion is pending risks imposing unnecessary costs on the parties and the Court. Google has alleged that SerpApi, through "billions" of online requests, has copied and sold responses generated by its website. Cmplt. ¶ 19. This could potentially involve huge volumes of data, server logs, and technical documents. *See In re OpenAI, Inc., Copyright Infringement Litig.*, 776 F. Supp. 3d 1352, 1354 n.4 (U.S. Jud. Pan. Mult. Lit. 2025) (noting OpenAI produced "*petabytes* of data from their training sets"). And with great volume comes great expense. If discovery is not stayed, the parties would be thrown into this discovery morass without knowing whether any of it will actually be pertinent to a live issue in the case.

Google knows it holds the cash advantage here, and seeks to put SerpApi out of business. Cmplt. ¶ 43 ("SerpApi will be unable to pay" a statutory damages award, and it "faces liability that is orders of magnitude higher" than its revenue). It does not matter to Google if it spends millions on discovery looking into billions of requests, even if those requests are ruled unactionable. But it certainly knows that it matters to SerpApi, because any burden on Google is magnified a thousand-fold on SerpApi.

There is no need to force SerpApi into potentially unnecessary discovery. The prudent course to conserve the parties', and the Court's, resources is through a stay. *See Reveal*, 2020 WL 2843369, at *2 ("It would be a waste of resources to allow discovery to proceed, and it would be particularly inappropriate to allow discovery while the motion to dismiss is pending because of the

potentially massive discovery burden."); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

Thus, while a limited stay would not prejudice Google, failure to issue a stay would certainly prejudice SerpApi.  If any part of Google's claim survives dispositive motion practice, then the parties could pursue more targeted discovery as necessary.  *Reveal*, 2020 WL 2843369, at *4 ("This limited stay of discovery, therefore, does not unduly prejudice Plaintiffs and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer."); *Heck*, 2022 WL 16579372, at *2 (finding the plaintiff would not be prejudiced because the court had not yet entered a scheduling order and continued the case management conference pending resolution of the motion to dismiss).

## VI.     CONCLUSION.

For the foregoing reasons, discovery should be stayed pending resolution of SerpApi's Motion to Dismiss.

Dated: March 23, 2026

Respectfully submitted,

/s/ Joseph E. Clark

Joseph E. Clark (SBN 281021)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
jclark@proskauer.com

Colin R. Kass (*pro hac vice pending*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick (*pro hac vice pending*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

Heather Tovar (SBN 237004)
AD ASTRA LAW GROUP, P.C.
582 Market Street, 17th Floor
San Francisco, CA 94104
(415) 795-3579
htovar@astralegal.com

*Attorneys for Defendant SerpApi, LLC*