DAVID H. KRAMER, California State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  (650) 493-9300
Facsimile:  (866) 974-7329
Email:       dkramer@wsgr.com

LUCY YEN, California State Bar No. 224559
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street, 5th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (866) 974-7329
Email:       lyen@wsgr.com

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOOGLE LLC, | Case No.: 4:25-cv-10826-YGR |
| Plaintiff, | **PLAINTIFF GOOGLE LLC'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY** |
| v. | |
| SERPAPI, LLC, | Date:   April 28, 2026 |
| Defendant. | Time:  2:00 P.M. |
| | Courtroom:    1, 4th Floor |
| | Before: Hon. Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

**Page**

I.      LEGAL STANDARD ...................................................................................................2

II.     ARGUMENT ............................................................................................................3

        A.      SerpApi's Motion to Dismiss Does Not Justify a Discovery Stay..........................4

        B.      SerpApi's Motion Raises Fact Questions on which Discovery Will Bear..............8

        C.      SerpApi's Conclusory Claims of Burden and Prejudice Do Not Support a
                Stay......................................................................................................9

III.    CONCLUSION .......................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Barrett v. Apple Inc.*,
2020 WL 13815568 (N.D. Cal. Oct. 22, 2020) ................................................................ 3

*Bockelmann v. Thermo Fisher Sci., Inc.*,
2024 WL 4126064 (S.D. Cal. Sept. 9, 2024) .......................................................... 3, 8, 9

*Cellwitch, Inc. v. Tile, Inc.*,
2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ................................................................ 8

*Craigslist, Inc. v. Doe*,
2011 WL 1897423 (N.D. Cal. Apr. 25, 2011) ........................................................... 6, 8

*Disney Enters. v. VidAngel, Inc.*,
869 F.3d 848 (9th Cir. 2017) ......................................................................................... 6

*EchoStar Satellite, L.L.C. v. Viewtech, Inc.*,
543 F. Supp. 2d 1201 (S.D. Cal. 2008) ...................................................................... 4, 5

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990) ...................................................................... 2, 3, 9, 10

*Hoopes Vineyard LLC v. Cnty. of Napa*,
2025 WL 41929 (N.D. Cal. Jan. 6, 2025) ...................................................................... 3

*In re Google Digit. Advert. Antitrust Litig.*,
2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) ................................................................. 8

*Jenetopulous v. Fisker*,
2025 U.S. Dist. LEXIS 170672 (C.D. Cal. Aug. 31, 2025) ........................................... 2

*MDY Indus., LLC v. Blizzard Entm't, Inc.*,
629 F.3d 928 (9th Cir. 2010), *amended by on denial of reh'g by* ---F.3d---,
2011 WL 538748 (9th Cir. Feb. 17, 2011) ..................................................................... 8

*Meta Platforms, Inc. v. Voyager Labs Ltd.*,
2023 WL 4828007 (N.D. Cal. July 26, 2023) ............................................................. 2, 8

*Onn v. Carnival Corp.*,
2021 WL 1267263 (N.D. Cal. Apr. 6, 2021) .................................................................. 1

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
2018 WL 1569811 (N.D. Cal. Feb. 16, 2018)........................................................... 2, 10

*Palantir Techs. Inc. v. Abramowitz*,
2020 WL 13548687 (N.D. Cal. Jan. 30, 2020) .............................................................. 9

*Pearl Invs. LLC v. Standard I/O, Inc.*,
257 F. Supp. 2d 326 (D. Maine 2003).............................................................................. 6

*Power Integrations, Inc. v. Park*,
    2016 WL 10859441 (N.D. Cal. Dec. 2, 2016) ............................................................ 2, 8

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) .................................................................. 8

*San Francisco Tech. v. Kraco Enters. LLC*,
    2011 WL 2193397 (N.D. Cal. June 6, 2011) .................................................................... 3

*Smith v. Levine Leichtman Cap. Partners, Inc.*,
    2011 U.S. Dist. LEXIS 161425 (N.D. Cal. Feb. 11, 2011) ............................................... 3

*SVB Fin. Grp. v. FDIC*,
    2024 WL 1898439 (N.D. Cal. Apr. 29, 2024) .................................................................. 8

*Tavantzis v. Am. Airlines, Inc.*,
    2024 WL 812012 (N.D. Cal. Feb. 23, 2024) ..................................................................... 8

*Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*,
    2024 WL 4981090 (N.D. Cal. Dec. 4, 2024) ................................................................ 2, 3

*Ticketmaster L.L.C. v. Prestige Entm't, Inc.*,
    306 F. Supp. 3d 1164 (C.D. Cal. 2018) ............................................................................ 7

*Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*,
    315 F. Supp. 3d 1147 (C.D. Cal. 2018) .................................................................... 1, 6, 8

*Torliatt v. Ocwen Loan Servicing, LLC*,
    2020 U.S. Dist. LEXIS 44056 (N.D. Cal. Mar. 13, 2020) ................................................ 1

*Viral DRM LLC v. Seven W. Media Ltd.*,
    768 F. Supp. 3d 1025 (N.D. Cal. 2025) ............................................................................ 4

*Wood v. McEwen*,
    644 F.2d 797 (9th Cir. 1981) ............................................................................................ 2

**STATUTES**

17 U.S.C. § 1201 ...............................................................................................................*passim*

17 U.S.C. § 1203 ........................................................................................................... 4, 7, 9

**RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 10

Fed. R. Civ. P. 26 ................................................................................................................. 1

Fed. R. Civ. P. 26(c)(1) ........................................................................................................ 3

Fed. R. Civ. P. 26(d)(1) ...................................................................................................... 10

Fed. R. Civ. P. 26(f) ........................................................................................................... 10

"The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending." *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 U.S. Dist. LEXIS 44056, at *1-2 (N.D. Cal. Mar. 13, 2020). Although discovery is open given the plain language of Rule 26, SerpApi seeks an indeterminate stay justified by only its pending motion to dismiss. Because even a "preliminary peek" at the merits reveals that Google states cognizable claims under Section 1201, the Court should deny SerpApi's attempt to stall the progress of the case against it. *See Onn v. Carnival Corp.*, 2021 WL 1267264, at *1 (N.D. Cal. Apr. 6, 2021).

SerpApi unabashedly circumvents SearchGuard, a technological measure that Google has implemented to restrict access to the copyrighted material that Google licenses to display on Google Search results pages. SerpApi does so *hundreds of millions of times each day*, automatically accessing and taking the copyrighted content for itself to sell it to others. ECF 1 ¶¶ 16-17, 19. Each time it bypasses, avoids, deactivates or otherwise impairs the efficacy of SearchGuard, SerpApi violates Section 1201(a) of the Copyright Act, which prohibits such unauthorized circumventions. 17 U.S.C. § 1201(a)(1)(A); *see also Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1167 (C.D. Cal. 2018) ("circumvention of CAPTCHA and similar measures designed to distinguish between humans and non-humans violates [Section 1201]"). SerpApi has publicly boasted that its users "don't need to care" about Google's protective measures because SerpApi uses "the latest technologies to mimic human behavior" to "avoid being detected and blocked by Google." ECF 1 ¶¶ 23, 34. And despite this lawsuit, SerpApi's behavior shows no signs of abating. Indeed, SerpApi has pledged to continue its circumvention, bragging that it is "confident in [its] ability to handle any new variations [that] Google might introduce" to its access protections in the future. *Id.* ¶ 33.

The massive scale of SerpApi's ongoing misconduct makes a timely investigation and adjudication of its behavior especially important. *Id.* ¶ 21. But SerpApi appears to favor delay and obfuscation. It failed, for example, to supply even the basic information required for initial disclosures, offering only a single name, that of its CEO, as knowledgeable about its mass circumventions and the facts of this case. It then indiscriminately listed dozens of Google's senior-most executives as supposed witnesses. It earlier refused to pause its misconduct in exchange for

an extension of time to respond to Google's complaint.  Now, SerpApi seeks to put off formal discovery altogether.  But it cannot meet its "heavy burden" to justify such a stay.  *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  Its motion to dismiss is meritless, and its refusal to engage "is directly at odds with the need for expeditious resolution of litigation."  *See id.*  The stay request should be denied.[1]

## I.      LEGAL STANDARD

Courts apply a two-part test to determine whether to exercise their discretion to stay discovery pending resolution of a motion to dismiss.  *First*, "a pending motion must be potentially dispositive of the entire case," *Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 2024 WL 4981090, at *1  (N.D. Cal. Dec. 4, 2024) (citation omitted), a standard satisfied if  the court is "convinced that the plaintiff will be unable to state a claim for relief,"  *Jenetopulous v. Fisker*, 2025 U.S. Dist. LEXIS 170672, at *3 (C.D. Cal. Aug. 31, 2025) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).  That determination is made through "a 'preliminary peek' at the merits of the pending motion," *Teva Pharms.*, 2024 WL 4981090, at *1, to see if the complaint is "utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value," *Gray*, 133 F.R.D. at 40; *Meta Platforms, Inc. v. Voyager Labs Ltd.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023).  If it is not, discovery should proceed.  *Id.*  Notably, courts do not ask whether the motion to dismiss would be dispositive *if granted*: such a showing is not sufficient, as it would stay discovery in virtually every case where a pleading challenge is filed.  *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) (denying stay and noting that "the pending motion to dismiss could be dispositive of the entire action, *if* granted in its entirety and *if* the court decides that further leave to amend should not be permitted.  But those are big 'ifs'") (emphasis in original); *see also Power Integrations, Inc. v.*

---

[1] SerpApi unilaterally set its motion for hearing on April 28, 2026, without regard to the District's Professional Conduct Guidelines to "make reasonable efforts to schedule . . . hearings . . . by agreement whenever possible" and "consider the scheduling interests of opposing counsel." *See* Professional Conduct Guidelines, § 3 ("Scheduling").  Yen Decl. ¶2.  When Google raised SerpApi's failure to confer, SerpApi incongruously offered to change the hearing date only if Google stipulated to the relief sought by the motion.  *Id.* ¶¶ 3-4; *see also id.*, Exs. A, B.  In the interests of efficiency, Google suggests this motion be heard together with SerpApi's Motion to Dismiss, currently set for May 19, 2026.

*Park*, 2016 WL 10859441, at *2 (N.D. Cal. Dec. 2, 2016) (discovery stay should be denied where "it cannot be confidently said that" defendant's motion "will succeed in ending the action or that [its] arguments are entirely meritorious.")

*Second*, "the court must determine whether the pending motion can be decided absent additional discovery." *Teva Pharms.*, 2024 WL 4981090, at *1 (citation omitted). Discovery "should be stayed only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Bockelmann v. Thermo Fisher Sci., Inc.*, 2024 WL 4126064, at *3 (S.D. Cal. Sept. 9, 2024); *Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) ("mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process") (citation omitted); *see also San Francisco Tech. v. Kraco Enters. LLC*, 2011 WL 2193397, at * (N.D. Cal. June 6, 2011) (denying discovery stay with motion to dismiss pending because plaintiff "could utilize the discovery responses to prepare an amended pleading," thereby "promot[ing] the court's interest, as well as that of the public, in judicial efficiency and timely resolution of the litigation").

Finally, a movant must also "demonstrate[] good cause to stay discovery pursuant to Rule 26(c)(1)." *Smith v. Levine Leichtman Cap. Partners, Inc.*, 2011 U.S. Dist. LEXIS 161425, at *8 (N.D. Cal. Feb. 11, 2011). A stay is not justified if the movant "fails to identify a particular or specific need for a protective order" beyond conclusory assertions that a "stay will promote efficiency for the Court and the parties and conserve the parties' resources"—such "blanket concerns, which are true in the mine run of litigation, do not establish good cause" for a discovery stay. *Hoopes Vineyard LLC v. Cnty. of Napa*, 2025 WL 41929, at *1 (N.D. Cal. Jan. 6, 2025); *Gray*, 133 F.R.D. at 40 ("moving party must show a particular and specific need" for a stay, "as opposed to making stereotyped or conclusory statements.").

## II.    ARGUMENT

SerpApi has not come close to justifying a discovery stay. Its motion to dismiss is little more than a delay tactic that will not be dispositive of the case. The relevant statute and the cases applying it confirm that SerpApi has been violating Section 1201 on a grand scale. In claiming otherwise, SerpApi, at best, highlights disputed factual issues on which discovery will be

necessary.  Further, SerpApi fails to demonstrate the good cause required for a discovery stay because its motion is not supported by evidence, relies on conclusory allegations of burden, and would prejudice Google by delaying a resolution while SerpApi's misconduct, profit, and the harm it is causing Google, all continue.

**A.      SerpApi's Motion to Dismiss Does Not Justify a Discovery Stay.**

Whether through a mere "peek" or a lengthy review, the Court should recognize that SerpiApi's motion to dismiss is meritless.  As Google's Complaint alleges: Google's SearchGuard is a technological measure that effectively controls access to the copyrighted works that Google licenses to appear in its search results because, in the ordinary course of its operation, SearchGuard requires the authorized application of information in order to access those works.  ECF 1 ¶¶ 27-29.  SerpApi circumvents SearchGuard through various hacks and deceptions, thereby gaining unauthorized access to the licensed copyrighted material that SearchGuard protects.  *Id.* ¶¶ 31-32.  Each time it does so, SerpApi violates Section 1201(a)(1)(A).  And by selling its circumvention service to others, SerpApi is guilty of trafficking, in violation of Section 1201(a)(2).

SerpApi does not deny the conduct that Google ascribes to it.  Instead, its motion to dismiss takes a "kitchen sink" approach, casting about in the hopes of finding some argument to excuse its behavior.  But as detailed in Google's opposition to the Motion to Dismiss, to be filed later today, SerpApi ignores Section 1201's text, its purpose, and its precedents:

***Google has standing.***  SerpApi argues that Google lacks standing as the owner of a technological measure that protects access to works that Google is licensed to display.  ECF 27 at 3-4.  But the anti-circumvention provisions of the Digital Millennium Copyright Act ("DMCA") expressly grant standing to "[a]ny person injured by a violation of section 1201 or 1202." 17 U.S.C. § 1203(a).  And courts have consistently found that the statute's standing provision means what it says, allowing claims "even where [the injured] person was not the copyright owner or holder." *Viral DRM LLC v. Seven W. Media Ltd.*, 768 F. Supp. 3d 1025, 1031 (N.D. Cal. 2025); *see also EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 543 F. Supp. 2d 1201, 1205-06 (S.D. Cal. 2008) (an entity that has "control of the technological measure that protects the copyrighted work" may bring a § 1201 claim because "[n]othing in the DMCA limits standing to the copyright owner.  Instead,

the statute states that '[a]ny person injured by a violation of section 1201 or 1202 may bring a civil action").

***Google does not need the authority of the copyright owner to institute access control measures.***  SerpApi argues that Google's claim fails because Google did not have the authority of copyright owners to implement SearchGuard.  That misunderstands or misrepresents the law. Section 1201 does not require that a given access control measure be instituted with the authority of copyright holders.  Rather, the statute asks whether an access control mechanism has been circumvented with the authority of the copyright holder.  That is, it asks whether the *defendant* has the consent of copyright holders to access the copyrighted material, not whether a *plaintiff* obtained copyright holders' approval to impose some particular protection in the first place.  *See* 17 U.S.C. § 1201(a)(3)(A) (defining "circumvent a technological measure" as "to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner"); 17 U.S.C. § 1201(a)(3)(B) (defining a technological measure as "effectively control[ling] access to a work" if it requires the "application of information" with "the authority of the copyright owner" (i.e. consent) to gain access).

But even if SerpApi's misreading were correct, Google expressly alleges that it has licensed the right to display copyrighted works on its Search results pages.  ECF 1 ¶¶ 16-17.  Implicit in those licenses and the significant investment they entail, is the right to take steps to protect that investment against unauthorized access.  Indeed, courts have held that when a plaintiff "contracts and purchases" rights from a copyright owner, it is "reasonable to infer" that the plaintiff "also has the authority to control the measures protecting" those copyrighted works.  *See Echostar*, 543 F. Supp. 2d at 1206.

***SearchGuard effectively controls access to copyrighted works***.  As noted and as Google alleges, SearchGuard is a "technological measure" within the ambit of Section 1201 because in the ordinary course of its operation, it restricts access to copyrighted works to ordinary users who solve the "challenge" that SearchGuard presents.  ECF 1 ¶¶ 28-29.  SerpApi again misstates the law in claiming that Section 1201 is inapplicable to access control mechanisms if the content they

protect can be found anywhere else.  According to SerpApi, the availability of the content elsewhere gives it carte blanche to access that content wherever and however it pleases, including by circumventing Google's access controls.  That is not remotely so, and SerpApi cites nothing to support that reading of the law.  A party cannot cheat a website's paywall protecting copyrighted books online just because it might also be able to obtain those books at a public library.  The fact that SerpApi "has alternative means of access to the works is irrelevant to whether [Google's technological measure] effectively controlled access to them" on Google's site.  *See Pearl Invs. LLC v. Standard I/O, Inc.*, 257 F. Supp. 2d 326, 350 (D. Maine 2003); *see also Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 865 (9th Cir. 2017) ("Nothing in the legislative history suggests that [defendant] did not circumvent an access control simply because there are authorized ways to access the Studios' works.").

*SerpApi circumvents SearchGuard.*  Google alleges that SerpApi employs a variety of "hacks" and deceptions to enable its automated bots to get past SearchGuard and access the licensed material in Google's search results.  ECF 1 ¶ 32.  SerpApi counters that it merely "mimics a human controlled browser" to defeat Google's protective measures.  ECF 22 at 20.  That is not the salvation SerpApi imagines, as pretending to be human to gain access to otherwise protected content is actionable circumvention under Section 1201.  *See Ticketmaster*, 315 F. Supp. 3d at 1167 (Section 1201 prohibits "circumvention of CAPTCHA and similar measures designed to distinguish between humans and non-humans"); *Craigslist, Inc. v. Doe*, 2011 WL 1897423, at *4 (N.D. Cal. Apr. 25, 2011) (plaintiff stated Section 1201(a) claim by alleging that "content is protected by craigslist's CAPTCHA security measures that were circumvented by products sold by [defendant] which allowed users to have unauthorized access to" copyrighted works).

Moreover, Section 1201 explicitly defines "circumvention" as, *inter alia,* "bypassing" a technological measure.  *See* 17 U.S.C. § 1201(a)(3)(A).  And SerpApi boasts of using its "advanced algorithms to *bypass* CAPTCHAs and other anti-bot mechanisms, ensuring uninterrupted and efficient data extraction."  ECF 1 ¶ 34 (emphasis added); *see also* Yen Decl. ¶ 5, Ex. C (SerpApi publicly promoting a "Google Search Engine Results API" that "will *bypass* blocks (including CAPTCHA) from Google.") (emphasis added); *id.* ¶ 6, Ex. D (SerpApi responding to a user request

"to *bypass* Google CAPTCHA," by proclaiming that it has "solve[d] all the issues for you, and you can just enjoy the data without worrying about CAPTCHAs.") (emphasis added).  SerpApi cannot credibly square these admissions with its made-for-litigation disavowal of circumvention.

***Google has been harmed by SerpApi's circumvention.***   SerpApi argues that its circumvention does not injure Google in a way that is connected to a "copyright interest."  Again, SerpApi is making up the law as it goes.  The statute empowers any party injured by a violation to sue.  17 U.S.C. §1203(a).  It does not require that injury be connected to "a copyright interest," as SerpApi imagines.  Regardless, SerpApi ignores what Google has alleged.  As Google explains in its Complaint, through its circumventions, SerpApi is accessing the copyrighted content that Google has licensed, and then taking and selling it to customers at enormous scale.  In so doing, SerpApi is undermining Google's investment in that content, and depriving Google of the competitive advantage to which it is entitled by virtue of its investment.  ECF 1 ¶¶ 24-25.  That interest is very much "connected to copyright," as it decreases the incentive for future licensing.  Google also alleges that SerpApi's extensive appropriation from Google of licensed content is straining Google's relationship with its licensors, including one licensor that has already filed its own action against SerpApi.  *Id.* ¶¶ 24-25, 40, 49.  Further, Google alleges that SerpApi is profiting from its statutory violations, and Google is entitled to recover those profits as damages under the statute.  *Id.* ¶¶ 19-20, 42, 51; 17 U.S.C. §1203(c)(2).  Finally, Google has been injured because SerpApi's circumvention onslaught is forcing Google to incur costs to continually enhance its access controls.  ECF 1 ¶¶ 40, 49.  *Ticketmaster L.L.C. v. Prestige Entm't, Inc.*, 306 F. Supp. 3d 1164, 1171, 1174 (C.D. Cal. 2018) (denying motion to dismiss Section 1201(a) claim where plaintiff alleged it was required "to continually escalate its anti-bot security measures, costing Ticketmaster thousands of dollars in damages").  All of these are cognizable harms under Section 1203.

\* \* \*

As set out more fully in Google's forthcoming opposition to SerpApi's motion to dismiss, Google's complaint is in no way "frivolous, or filed merely in order to conduct a fishing expedition, or for settlement value."  *See Voyager Labs*, 2023 WL 4828007, at \*2 (rejecting

discovery stay where standard was not met); *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (same).  Ample precedent demonstrates that Google's claims easily fit within Section 1201.  *See MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 953-54 (9th Cir. 2010) (automated software that circumvents an anti-bot system violates Section 1201(a)), *amended on denial of reh'g by* 2011 WL 538748 (9th Cir. Feb. 17, 2011); *Ticketmaster*, 315 F. Supp. 3d at 1167 (same); *Craigslist, Inc.*, 2011 WL 1897423, at *4 (same).  This case thus presents a very different scenario than those SerpApi cites to justify its stay request.  *See, e.g., Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3  (N.D. Cal. Apr. 10, 2020) (stay imposed where motion to dismiss presented "strong arguments" that the claims were time-barred, "which could prove difficult for Plaintiffs to overcome"); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2   (N.D. Cal. Oct. 22, 2019) (stay imposed where motion highlighted potentially insurmountable defect of patent invalidity); *In re Google Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020) (stay imposed where antitrust defenses "could prove difficult for Plaintiffs to overcome").  Because "it cannot be confidently said that" SerpApi's motion "will succeed in ending the action or that [its] arguments are entirely meritorious," it has failed to justify a discovery stay.  *Power Integrations, Inc. v. Park*, 2016 WL 10859441, at *2 (N.D. Cal. Dec. 2, 2016); *see also SVB Fin. Grp. v. FDIC*, 2024 WL 1898439, at *3  (N.D. Cal. Apr. 29, 2024) (stay denied where court was "not confident" that motion to dismiss would "succeed in disposing of all the issues").

### B.    SerpApi's Motion Raises Fact Questions on which Discovery Will Bear.

Where a compelling motion to dismiss has been filed, a discovery stay may make sense, provided "there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive."  *Bockelmann*, 2024 WL 4126064, at *3 (citation omitted).  But this is not such a case, and not only because SerpApi's pleading challenge lacks merit.

Central to SerpApi's pending motion is its argument that it does not circumvent SearchGuard, notwithstanding Google's allegation that it does.  On this point, Google's Complaint does not merely parrot the language of Section 1201.  With respect to the element of

GOOGLE LLC'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY      -8-      Case No. 4:25-cv-10826-YGR

"circumvention," it specifically references SerpApi's brags that it "bypasses" Google's access control measure, ECF 1 ¶ 34; *see also supra* at 8.  Again, those admissions should be dispositive given that the statute defines circumvention to include "bypassing" a technological measure.  But if the Court were to want still more on this point, discovery into the specifics of what SerpApi is doing will be helpful.  Google has already served discovery seeking to understand the various artifices SerpApi employs.  And SerpApi cannot deny that it is engaged in circumvention through the bypassing, avoidance, deactivation or impairment of SearchGuard, while simultaneously denying Google discovery on the subject.

Separately, SerpApi's motion to dismiss argues that Google has failed to adequately plead harm.  Again, that is belied by Google's various allegations of injury*,* including its entitlement to SerpApi's profits from its improper circumventions.  *See Supra* at 7-8; 17 U.S.C. §1203(c)(2).  It should come as no surprise that SerpApi earned money by accessing and taking copyrighted content for which it pays nothing, and reselling that content to its customers.  Nevertheless, to the extent the Court believes those allegations of harm are insufficient, Google would be entitled to discovery to show how SerpApi is enriching itself through its unlawful activity.  *See Palantir Techs. Inc. v. Abramowitz*, 2020 WL 13548687, at *3 (N.D. Cal. Jan. 30, 2020) (denying stay where "Defendants have not shown that amendment would be futile").

Read charitably, SerpApi's motion may raise "factual issues in need of immediate exploration;" that is another reason for discovery to proceed.  *See Bockelmann*, 2024 WL 4126064, at *3 (denying stay where defendants' arguments "refer to the inadequacy of the factual allegations as they are pled").

**C.   SerpApi's Conclusory Claims of Burden and Prejudice Do Not Support a Stay.**

SerpApi fails both elements of the test for a discovery stay.  That is reason enough to deny its request.  But SerpApi's motion also fails to demonstrate good cause for a stay beyond "stereotyped or conclusory statements."  *Gray*, 133 F.R.D. at 40.  Its motion is unsupported by declaration or evidence, and its "superficial statements or vague articulations" of burden and prejudice are insufficient as a matter of law to justify a stay.  *See Optronic*,  2018 WL 1569811, at

*1. While it claims that discovery "risks imposing unnecessary costs on the parties and the Court" and that "any burden on Google is magnified a thousand-fold on SerpApi," ECF 27 at 6, these bare assertions do not constitute "a particularized showing describing why discovery in this case is any more burdensome than it is on parties to other civil litigations," *Optronic*, 2018 WL 1569811, at *2. At bottom, SerpApi objects to the costs of responding to discovery that are inherent in litigation. "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray*, 133 F.R.D. at 40. They do not. Rather, they call for discovery to commence after the parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). That took place here on March 9, 2026, and discovery has been open for both parties since.

SerpApi's failure to demonstrate the good cause required for a stay is particularly notable given the prejudice Google would suffer from one. Google has reason to proceed expeditiously in this case given the sheer and growing scale of SerpApi's circumventions. Rather than curbing the behavior at issue when faced with a serious charge of illegality, SerpApi has accelerated it. And SerpApi has crowed that even when Google "increase[s] the difficulty" of its SearchGuard challenges, "thanks to the dedicated efforts of [it] engineers" it will be "quickly able to resolve the problem." ECF 1 ¶ 33. SerpApi clearly does not intend to stop its misconduct. The sooner Google can investigate and present the merits to the Court, the better.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny SerpApi's motion to stay discovery.

Respectfully submitted,

Dated: April 6, 2026

WILSON SONSINI GOODRICH & ROSATI
 Professional Corporation

By:    /s/ *David H. Kramer*
         David H. Kramer
         dkramer@wsgr.com

Attorneys for Plaintiff
GOOGLE LLC