UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOOGLE LLC, | ) Case No.: 4:25-cv-10826-YGR |
| | ) |
| Plaintiff, | ) **[PROPOSED] ORDER DENYING** |
| | ) **DEFENDANT'S MOTION TO STAY** |
| v. | ) **DISCOVERY** |
| | ) |
| SERPAPI, LLC, | ) Date:   April 28, 2026 |
| | ) Time:  2:00 P.M. |
| Defendant. | ) Courtroom:    1, 4th Floor |
| | ) |
| | ) Before: Hon. Yvonne Gonzalez Rogers |
| | ) |
| | ) |

Upon consideration of Defendant SerpApi, LLC's ("SerpApi") Motion to Stay Discovery (the "Motion"), the pleadings and papers filed in support of and in response to the Motion, and argument of counsel, for good cause shown,

**IT IS HEREBY ORDERED:**

1.    SerpApi's Motion is DENIED.

2.    Courts apply a two-part test to determine whether to exercise their discretion to stay discovery pending resolution of a motion to dismiss. *First*, the "pending motion must be potentially dispositive of the entire case," which a court determines by taking a "preliminary peek" at the merits of the motion. *Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 2024 U.S. Dist. LEXIS 219554, at *3-4 (N.D. Cal. Dec. 4, 2024). *Second*, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* Discovery "should be stayed only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Bockelmann v. Thermo Fisher Sci., Inc.*, 2024 U.S. Dist. LEXIS 161931, at *7 (S.D. Cal. Sept. 9, 2024). A movant must also "demonstrate[] good cause to stay discovery pursuant to Rule 26(c)(1)," *Smith v. Levine Leichtman Cap. Partners, Inc.*, 2011 U.S. Dist. LEXIS 161425, at *8 (N.D. Cal. Feb. 11, 2011), which is not satisfied if the movant "fails to identify a particular or specific need for a protective order" beyond conclusory assertions that a "stay will promote efficiency for the Court and the parties and conserve the parties' resources," *Hoopes Vineyard LLC v. Cnty. of Napa*, 2025 U.S. Dist. LEXIS 2210, at *3-4 (N.D. Cal. Jan. 6, 2025).

3.    After a "preliminary peek" at SerpApi's pending Motion to Dismiss, ECF 22, the Court is not "convinced that the plaintiff will be unable to state a claim for relief." *Jenetopulous v. Fisker*, 2025 U.S. Dist. LEXIS 170672, at *3-4 (C.D. Cal. Aug. 31, 2025) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). Because Google raises formidable challenges to each of SerpApi's bases for dismissal, the Court cannot say that Google's complaint is "utterly frivolous, or filed merely in order to conduct a fishing expedition, or for settlement value." *Meta Platforms, Inc. v. Voyager Labs Ltd.*, 2023 U.S. Dist. LEXIS 129511, at *5 (N.D. Cal. July 26, 2023).

4.      Google has demonstrated that there are "factual issues in need of further immediate exploration," such that a discovery stay is inappropriate. *Bockelmann*, 2024 U.S. Dist. LEXIS 161931, at *7. SerpApi's motion raises fact questions on which discovery will bear regarding whether SerpApi "circumvents" SearchGuard within the meaning of 17 U.S.C. § 1201(a), and whether Google has pled adequate harm. Accordingly, there is no basis for a discovery stay.

5.      SerpApi has also failed to demonstrate good cause. It does not support its motion with any evidence or declarations, instead relying on "stereotyped or conclusory statements" about the general burdens of litigation that are insufficient to justify a stay. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). And a stay would prejudice Google: it has reason to proceed expeditiously given the alleged scale of SerpApi's conduct and its stated intention not to stop.

IT IS SO ORDERED.


Dated: _____

_____
Hon. Yvonne Gonzalez Rogers
United States District Court Judge