April 6, 2026

*Via ECF*

District Judge Yvonne Gonzalez Rogers
Ronald V. Dellums Federal Building
& United States Courthouse
Courtroom 1 – 4th Floor
1301 Clay Street, Suite 400 S
Oakland, CA 94612

> Re:    *Google LLC vs. SerpApi, LLC, 25-cv-10826 (N.D. Cal.)*
>         *Joint Letter Brief Concerning SerpApi's Written Discovery Response*
>         *Deadline*

Dear Judge Gonzalez Rogers:

SerpApi, LLC and Google LLC respectfully submit this joint letter brief concerning a discovery dispute relating to SerpApi's written discovery response deadline.

Counsel for the parties attest that they met and conferred on this issue on March 31, 2026, and via subsequent written correspondence, but were unable to resolve this dispute.

Respectfully submitted,

/s/  Joseph E. Clark
Counsel for SerpApi, LLC

/s/ Lucy Yen
Counsel for Google, LLC

Page 1

### A.      *SerpApi's Position.*

SerpApi seeks an order staying SerpApi's obligation to respond to Google's first set of discovery requests until the Court rules on SerpApi's Motion to Stay Discovery.  ECF 27.

On March 23, 2026, this Court adjourned the scheduled Case Management Conference, explaining that, "until the Court has resolved the motion [to dismiss], a case management conference is premature."  ECF 28.  Notwithstanding that directive, Google served its First Set of Document Requests and Interrogatories hours later.

SerpApi then asked Google to hold these discovery requests in abeyance until resolution of its Motion to Stay Discovery.  Google refused, claiming – incorrectly – that SerpApi is seeking an "automatic" "indefinite stay."

SerpApi is not seeking an automatic stay.  It seeks a limited stay based on the arguments presented in its Motion to Dismiss (and its Motion to Stay), and the balance of the parties' respective interests.  Nor is it seeking an indefinite stay.  SerpApi seeks only a limited stay until this Court rules on SerpApi's Stay Motion.  Briefing on the Motion to Stay will be completed within weeks, by April 13, and the Court has scheduled a hearing for April 28, 2026.  There is no reason Google cannot wait until at least then for discovery responses.[1]

Nor does Google identify any prejudice from the short stay SerpApi seeks.  Instead, it mirrors its opposition to SerpApi's Motion to Stay, repeating the trope that any stay is delay, an argument courts routinely reject absent a *particularized* showing of prejudice.  *Carvana, LLC v. Int'l Business Mach. Corp.*, 2025 WL 2529596, *3 (S.D.N.Y. 2025) ("Mere delay in the litigation does not establish undue prejudice."); *Oofos, Inc. v. Nyky USA Corp.*, 2025 WL 2930291, *3 (S.D.N.Y. 2025) (same); *Metrom Rail, LLC v. Siemens Mobility, Inc.*, 2024 WL 323374, *4 (S.D.N.Y. 2024) (same).  Google offers none.

Instead, Google relies on a quirk in the federal rules.  In the ordinary course, the Rule 26(f) conference is tied to the scheduling of a Case Management Order, and discovery cannot begin until after the 26(f) conference.  Here, the Court adjourned the Case Management Conference after the parties held their Rule 26(f) conference.  Google claims "discovery is open," and it is too late to stay it.[2]  But that is not the intent of the Federal Rules.

---

[1] Google suggests that SerpApi should have filed its Motion to Stay earlier.  But SerpApi filed its motion shortly after completing the meet and confer at the 26(f) conference (and the subsequent written exchanges) and *before* Google served any discovery.  Indeed, arguably, there was nothing to stay until that discovery was served.  In any event, Google does not claim that SerpApi should have filed *this* request earlier.

[2] SerpApi also asked for an extension of the deadline in which to serve its response to Google's discovery requests so as to provide the parties more time to prepare and finalize this joint letter.  Since the clock is running on SerpApi's obligation to respond to Google's discovery requests, SerpApi then suggested that the parties simultaneously exchange their portions of the joint letter.  Google refused this too.  Google also refused SerpApi's proposed schedule for non-simultaneous exchanges, which would have given Google two or three days to draft its portion and a day to

Page 2

The Rules time the beginning of discovery to the occurrence of the Rule 26(f) conference for good reason. It is there that the parties first discuss the metes and bounds of discovery, which the Court then reviews and ratifies (or not) as it sees fit. But under Google's approach, the parties are forced to begin discovery before the Court has held the conference necessary to establish its parameters. That inversion of the ordinary sequence is likely to generate unnecessary disputes and motion practice. It may also require the parties to revisit positions and objections based on how the Court ultimately rules on the Motion to Dismiss.

Additionally, allowing discovery to proceed now risks mooting SerpApi's Motion to Stay. Google apparently recognizes this, which is why it devotes the bulk of its response to mirroring its opposition to SerpApi's Motion to Stay. That Google felt compelled to do so is reason enough to decide the Motion to Stay before ordering any discovery.

In any event, there is no merit to Google's argument. It concedes that a stay is appropriate if SerpApi's Motion to Dismiss may be "potentially dispositive of the entire case." It then proceeds to argue why the Court should deny SerpApi's Motion to Dismiss on the merits. But that is not the relevant inquiry. The question is whether the case would survive if the Motion to Dismiss is *granted*. Google does not attempt to satisfy this standard. Nor can it. SerpApi presented seven separate grounds for dismissal. For six of them, granting the motion would dispose of the entire case. For the seventh, it would eliminate one of Google's two claims. And even if none of the grounds were granted in full, the Motion may still limit Google's claims in ways that materially narrow discovery, for example, by eliminating discovery relating to any scraping for information that Google does not license or own, but itself scrapes from third-parties.

Google also wrongly asserts that the Motion to Stay (and this narrower request pending that Motion) should be denied because there are "factual issues in need of further ***immediate*** exploration." But there is no need for any immediate discovery. The Motion to Dismiss is grounded on the allegations in the Complaint and the statutory text. SerpApi's motion was brought under Rule 12(b)(6); it did not bring a factual jurisdictional challenge under Rules 12(b)(1) or (2). Thus, there is no immediate need for discovery. Instead, Google only points to a few issues that would be the subject of fact discovery ***if*** the Court concludes that Google has adequately *pled* a viable claim. But the need for discovery in advance of summary judgment or trial is not the standard for a pre-motion-to-dismiss stay, and certainly not the standard for a short stay pending resolution of the Motion to Stay.

---

revise it in light of SerpApi's portion. Since SerpApi has had to wait for Google to provide its portion of the letter, SerpApi requests additional time to respond to the discovery if the Court is not inclined to grant its request for a stay.

Page 3

### B.    Google's Position.

Google is seeking redress for SerpApi's ongoing, mass circumvention of SearchGuard, a technological measure that Google implemented to restrict automated access to its Search results and the copyrighted content that Google licenses to display in them. SerpApi circumvents SearchGuard hundreds of millions of times each day to improperly access that content and sell it to others. SerpApi thus violates Section 1201(a) of the Copyright Act on an astonishing scale.

The parties conducted a Rule 26(f) conference on March 9, 2026. As SerpApi admits, discovery is thus open. But SerpApi wants no part of it: it filed a Motion to Dismiss, a Motion to Stay Discovery four weeks later, and after another week, demanded immediate letter briefing on a stay. But SerpApi has not met its "heavy burden" of justifying a discovery stay. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).[3]

***Discovery Is Open.*** Google made clear that it would not agree to a stay on March 9. On March 23, the parties exchanged initial disclosures, though SerpApi's were devoid of substance and vexatious. It identified only a single person, its CEO, as knowledgeable about its mass circumventions (then listed dozens of Google's senior-most executives as supposed witnesses). After receiving SerpApi's unilluminating disclosures, Google served its first set of requests for production along with six interrogatories seeking basic identification information.

Understandably, SerpApi wants to hide its behavior for as long as it can. But SerpApi does not and cannot claim that Google seeks irrelevant information or that its requests are unduly burdensome. SerpApi contends instead that Google's discovery is "exploit[ing] a quirk" in the federal rules. Not so. Discovery opened upon the Rule 26(f) conference, and both sides are now free to pursue it. The Order canceling the CMC did not impact the status of discovery. ECF No. 28. Nor is discovery stayed by virtue of SerpApi's Motion to Dismiss. *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 U.S. Dist. LEXIS 44056, at *1-2 (N.D. Cal. Mar. 13, 2020).

***SerpApi Cannot Meet the Heavy Burden to Stay Discovery.*** SerpApi complains that allowing discovery to proceed would "moot[ ]" its Motion to Stay. In its view, merely *filing* a stay request should trigger the requested relief. But "the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay." *PlayUp,*

---

[3] SerpApi seems unfamiliar with the joint briefing process. When it announced it would supplement its Motion to Stay with this brief, it demanded simultaneous briefing. But Google needed to see the position to which it was supposed to respond, and proposed providing its portion within four days of receiving SerpApi's (consistent with the briefing schedule for administrative motions (*see* L.R. 7-11(b)). SerpApi refused, demanded Google provide a response in 24 hours, and threatened that it would otherwise file unilaterally, in violation of the Court's Standing Order. SerpApi sent over its portion on Tuesday night, and Google returned its portion before 9 am on Friday morning. SerpApi then went silent for eight hours, finally telling Google that it would be working to update its section over the weekend with a filing goal of Monday. SerpApi then changed course again, and provided its entirely rewritten portion at nearly 7 pm on a Friday of a holiday weekend. There is no urgency here, and, given it already has a stay motion pending, no reason for SerpApi to be proceeding by letter brief at all.

Page 4

*Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1094 (D. Nev. 2022). A stay is particularly inappropriate now, as SerpApi could have sought one with its Motion to Dismiss, or when discovery opened.

The Motion to Stay Discovery that SerpApi ultimately filed on March 23 is meritless. As Google explains in its April 6 Opposition, SerpApi has failed to establish either element of the two-part test courts use in evaluating a stay request. *See Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 2024 WL 4981090, at *1 (N.D. Cal. Dec. 4, 2024) (pending motion must be sufficiently strong as to be "potentially dispositive of the entire case"; and "the court must determine whether the pending motion can be decided absent additional discovery").

*First*, SerpApi's Motion to Dismiss is not "potentially dispositive of the entire case" (*id.*); that is, "it cannot be confidently said that" SerpApi's motion "will succeed in ending the action or that [its] arguments are entirely meritorious." *See Power Integrations, Inc. v. Park*, 2016 WL 10859441, at *2 (N.D. Cal. Dec. 2, 2016). Instead, the motion rests on arguments that are untethered to Section 1201's text, purpose, and precedents. For example, SerpApi asserts that Google lacks standing to bring a claim under Section 1201 because it is not the copyright owner. But the statute grants standing to "[a]ny person injured by a violation of section 1201 or 1202," and Google is plainly such a person. *See* 17 U.S.C. § 1203(a); *see also Viral DRM LLC v. Seven W. Media Ltd.*, 768 F. Supp. 3d 1025, 1031 (N.D. Cal. 2025) (allowing claim "even where [the injured] person was not the copyright owner or holder"). SerpApi also argues that SearchGuard is not a "technological measure" that effectively controls access to the copyrighted works that Google licenses, because those works are available in other locations beyond Google's purview. But the fact that SerpApi "has alternative means of access to the works is irrelevant to whether [Google's technological measure] effectively controlled access to them" on Google's site. *See Pearl Invest., LLC v. Standard I/O, Inc.*, 257 F. Supp. 2d 326, 350 (D. Maine 2003).

SerpApi does not want the Court to consider the lack of merit to its Motion to Dismiss and says the Court should simply assume the motion will be granted. That is not the law. Courts must take a "preliminary peek at the merits" of the underlying Motion to Dismiss to assess whether a stay is appropriate. *See Teva Pharms. USA, Inc.*, 2024 WL 4981090, at *1. Here, that peek shows SerpApi's dismissal request, and thus this stay request, are badly misguided.

*Second*, SerpApi's Motion to Dismiss may raise "factual issues in need of immediate exploration." *See Bockelmann v. Thermo Fisher Sci., Inc.*, 2024 U.S. Dist. LEXIS 161931, at *7 (S.D. Cal. Sept. 9, 2024). For instance, SerpApi disputes that it circumvents SearchGuard, despite what Google's Complaint alleges, and despite SerpApi's boast that it "bypasses" Google's access control measure. *See* ECF No. 1 ¶ 34. SerpApi's admission should be dispositive given that the statute defines "circumvention" to include "bypassing" a technological measure. But if the Court were to want more on this point, discovery into the specifics of SerpApi's behavior is necessary. Google already served document requests seeking to understand the various artifices SerpApi employs.

SerpApi clearly does not intend to stop its unlawful conduct. *See* ECF No. 1 ¶ 33 (SerpApi boasting it is "confident in [its] ability to handle any new variations to these changes Google might introduce" to prevent SerpApi's access to Google's protected content). The sooner Google can investigate the misconduct and present the merits of its claims to the Court, the sooner Google can pursue judgment and end its ongoing harm. SerpApi's stay request should be denied.