LUCY YEN, California State Bar No. 224559
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street, 5th Floor
New York, New York 10019
Telephone:    (212) 999-5800
Facsimile:    (866) 974-7329
Email:        *lyen@wsgr.com*

*Attorneys for Plaintiff*
*GOOGLE LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SERPAPI, LLC,<br><br>　　　　　Defendant. | Case No.:  4:25-cv-10826-YGR<br><br>**GOOGLE LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO SERPAPI, LLC** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Civil Local Rules of the United States District Court for the Northern District of California, Plaintiff Google LLC hereby serves these Requests for the Production of Documents (the "Requests," each one a "Request") on Defendant SerpApi, LLC ("SerpApi"), and requests Defendant to produce the following documents and things for inspection and copying in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service at Wilson Sonsini Goodrich & Rosati Professional Corp., 650 Page Mill Road, Palo Alto, CA 94304 or at such other time and place upon which the parties shall agree.

## DEFINITIONS

The following definitions apply to each of the Requests set forth below:

1. "Communication(s)" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmission.

2. "Document(s)" includes everything that is contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation documents stored in electronic form, such as electronic mail, and documents stored on any media accessible by electronic means. A draft or non-identical copy is a separate document within the meaning of this term.

3. "Google" means Plaintiff Google LLC.

4. "Google APIs" refers to and includes any application programming interface, whether public, private, internal, partner, beta, or deprecated, including any programmatic interface, endpoint, method, protocol, library, SDK, webhook, feed, or other mechanism You offer or make available, by which Your software systems communicate with or access data, content, or functionality relating to or available through Google Services, together with all associated documentation, schema definitions, authentication systems, rate-limiting systems, logging mechanisms, and backend enforcement controls. "Google APIs" expressly refers to and includes, but is not limited to, Your Google Search API, Google AI Mode API, Google AI Overview API, Google Light Fast API, Google Light Search API, Google Maps API, Google Shopping API, and Google Reverse Image API.

5. "Google Content" refers to the information contained in, and the substance, subject matter, and/or makeup of, Google Services, including material contained in or made available to users as part of or through Google Services.

6. "Google Services" refers to and includes any and all websites, platforms, applications, software (including APIs), products, features, tools, functionalities, and systems, whether public-facing, private, internal, or beta, that Google LLC owns, operates, develops, maintains, licenses, controls, or makes available, in whole or in part, including all associated backend systems, databases, infrastructure, data flows, third-party integrations, source code, object code, and related components. "Google Services" expressly refers to and includes, but is not limited to, Google Search, Knowledge Graph, Knowledge Panels, AI Overviews, Google Images, Google Maps, Google Books, Google News, Google Flights, Google Finance, Google Shopping, Google Alerts, Google Assistant, Gemini, Google Dataset Search, Google Travel, Google Videos, Google Arts & Culture, Google Patents, Google Scholar, and YouTube.

7. "Identify" means:

    a. with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

    b. with respect to a legal entity, to provide, to the extent known, the legal entity's (i) full name as registered with the relevant state authority or authorities; (ii) state of incorporation; (iii) name under which it transacts business; (iv) headquarters address; and (v) contact information for the relevant representative;

    c. with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s); and (vi) recipient(s); and

    d. with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, e-mail, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment

of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

8.    "Including" (or any derivation thereof) is used to emphasize certain types of information requested and should not be construed as limiting a request in any way. "Including" means including but not limited to.

9.    "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

10.    "Plaintiff" or "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable its officers, directors, and employees.

11.    "Relate(d)," "relating to," or "regarding" mean consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

12.    "SearchGuard" refers to the technology, mechanism, and system by which Google restricts unauthorized third parties from automatically accessing its search results pages, including by sending a JavaScript "challenge" to unrecognized search queries.

13.    "SerpApi," "Defendant," "You," and "Your" refer to and include Defendant SerpApi, LLC, together with any of its corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and their respective officers, directors, employees, independent contractors, partners, representatives, agents, attorneys, accountants, or other persons or entities acting on behalf of, at the direction of, or under the control of Defendant.

14.    "Your Services" refers to and includes any and all websites, platforms, applications, software (including APIs), products, features, tools, functionalities, and systems, whether public-facing, private, internal, or beta, that You own, operate, develop, maintain, license, control, or make available, in whole or in part, including all associated backend systems, databases, infrastructure, data flows, third-party integrations, source code, object code, and related components. "Your Services" expressly refers to and includes, but is not limited to, Your Google APIs, all APIs listed at https://serpapi.com/search-engine-apis, and all integrations listed at

https://serpapi.com/integrations, and includes all products and services offered as part of Your "Free," "Enterprise," "Starter," "Developer, "Production, and "Big Data" pricing tiers.

## **INSTRUCTIONS**

The following instructions apply to each of the Requests set forth below, and are deemed to be incorporated therein:

1. These Requests call for the production of all non-privileged responsive documents in Your possession, custody or control, without regard to the physical location of such documents. You must make a diligent search of Your records, including, but not limited to, paper records, computerized records, electronic mail records, and voice records.

2. If any document was, but no longer is, in Your possession, subject to Your control or in existence, include a statement:

    a.  identifying the document;

    b.  describing where the document is now;

    c.  identifying who has control of the document;

    d.  describing how the document became lost or destroyed or was transferred; and

    e.  identifying each of those persons responsible for or having knowledge of the loss, destruction or transfer of the document from Your possession, custody or control.

3. In responding to these Requests, include documents obtained on Your behalf by Your counsel, employees, contractors, agents or any other persons acting on Your behalf. If Your response is that the documents are not within Your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If Your response is that documents are not under Your control, identify who has the control and the location of the documents.

4. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, You shall state so in writing.

5. Each Request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more Requests, the document shall be produced in

its entirety.

6.    As the term "possession" pertains to email, the term includes "deleted" emails, "sent" emails, "draft" emails and "received" emails, irrespective of the directories in which such emails are located.

7.    If You object to any particular portion of any Request, You are required to produce documents in response to any other portion of such Request as to which there is no objection.

8.    If You object to a Request, You must set forth specifically the reason for the objection.

9.    If in responding to a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond; rather, You shall set forth in a part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

10.    If any document is withheld in whole or in part, for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each document:

    a.   the ground of privilege or protection claimed;

    b.   each and every basis under which the document is withheld;

    c.   the type of document;

    d.   its general subject matter;

    e.   the document's date; and

    f.   other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule of Civil Procedure 26(b)(5), the court's local rules and the judge's individual practice rules.

11.    To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine or other protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the

words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

12. These Requests are continuing, and your response to these Requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

13. The following rules of construction apply to all Requests:

    a. Number. The use of the singular form of any word includes the plural and vice versa.

    b. Tense. The use of present tense includes past tense and vice versa.

    c. And/Or. The terms "and" and "or" must be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all documents that might otherwise fall outside the scope of the request.

    d. All/Any/Each. The terms "all," "any," or "each" encompass any and all of the matters discussed.

14. Unless otherwise stated, the applicable time period for each request is January 2022 to the present.

**DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO. 1:**

All documents and communications relating to Your ability or inability to access Google Services.

**DOCUMENT REQUEST NO. 2:**

All documents and communications relating to Google's Knowledge Panels and Knowledge Graph, including Your statement, available at https://serpapi.com/knowledge-graph, that You are "able to extract and make sense of [the] information" contained in Google Knowledge Graph.

**DOCUMENT REQUEST NO. 3:**

With respect to Your statement that You "use[] 'automated means' to scrape public websites and collect data" (ECF No. 22 at 11), all documents and communications relating to Your

evaluation that a website is "public."

**DOCUMENT REQUEST NO. 4:**

With respect to Your statement that You "use[] 'automated means' to scrape public websites and collect data" (ECF No. 22 at 11), all documents and communications relating to the "automated means" You use to "scrape" data.

**DOCUMENT REQUEST NO. 5:**

All documents and communications relating to whether You may access Google Services via automated means without Google's permission.

**DOCUMENT REQUEST NO. 6:**

All documents and communications relating to Your ability to access Google Services despite Google's efforts to prevent Your unauthorized access.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to show the number of times You accessed any Google Services from January 2022 to the present.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to show, from January 2022 to the present, the number of Google Search requests that Your Google APIs have made and the dates those searches were made, including on a daily, weekly, and monthly basis.

**DOCUMENT REQUEST NO. 9:**

All machine-generated or system-generated records (including but not limited to logs, telemetry, event data, monitoring data, and usage data) reflecting access to, interaction with, or requests for data from Google Services from January 2022 to present.

**DOCUMENT REQUEST NO. 10:**

All documents and communications relating to any agreements, Terms of Service, or potential agreements with Google, including those discussing the applicability, enforceability, and interpretation of those agreements, Terms of Service, or potential agreements with Google.

**DOCUMENT REQUEST NO. 11:**

All documents and communications relating to Your statement, in a blog post published on

November 23, 2023 by Ryan Schafer, titled "SerpApi Releases Powerful New Google Hotels API," that "scraping images from Google was an intensive process."

**DOCUMENT REQUEST NO. 12:**

All documents and communications regarding any changes made to Your Services, including but not limited to Your Google Search API, from January 2022 to present, to facilitate your efforts to access Google services.

**DOCUMENT REQUEST NO. 13:**

All documents and communications relating to the use of Your Ludicrous Speed and Ludicrous Speed Max features to access Google Content.

**DOCUMENT REQUEST NO. 14:**

All documents and communications relating to Your marketing materials, promotional materials, advertisements, or sales materials discussing Your Services' ability to access Google Content.

**DOCUMENT REQUEST NO. 15:**

All communications with third parties relating to the ability to access Google Services.

**DOCUMENT REQUEST NO. 16:**

All documents and communications relating to contemplated and executed agreements with third parties regarding access to or acquisition of data from Google Services.

**DOCUMENT REQUEST NO. 17:**

All communications with third parties regarding Your access to and distribution of third parties' data.

**DOCUMENT REQUEST NO. 18:**

All documents and communications relating to permission to access or acquire copyrighted content from the public internet.

**DOCUMENT REQUEST NO. 19:**

All documents and communications relating to Google's efforts to prevent You from accessing Google Services via automated means.

**DOCUMENT REQUEST NO. 20:**

All documents and communications relating to Google's SearchGuard, including any analysis, reverse engineering, testing, efforts to bypass, or evaluation of SearchGuard.

**DOCUMENT REQUEST NO. 21:**

All documents and communications relating to the blog post "Google Now Requires JavaScript" (available at https://serpapi.com/blog/google-now-requires-javascript/).

**DOCUMENT REQUEST NO. 22:**

All documents and communications relating to JavaScript browser challenges, including any analysis, reverse engineering, testing, efforts to bypass or evaluation of JavaScript browser challenges.

**DOCUMENT REQUEST NO. 23:**

All documents and communications relating to Your statement that SearchGuard has made Your "web scraping more difficult" (available at https://serpapi.com/blog/google-now-requires-javascript/).

**DOCUMENT REQUEST NO. 24:**

All documents and communications relating to Your statement that You had "already pre-solved Google's JavaScript challenge" (available at https://serpapi.com/blog/google-now-requires-javascript/).

**DOCUMENT REQUEST NO. 25:**

All documents and communications relating to Your statement that "at SerpApi we're confident in our ability to handle any new variations [that] Google might introduce" (available at https://serpapi.com/blog/google-now-requires-javascript/).

**DOCUMENT REQUEST NO. 26:**

All documents and communications relating to Your statement that Your customers "don't need to care about . . . captcha, IP address, bots detection, maintaining user-agent, HTML headers, [or] being blocked by Google" (available at https://serpapi.com/blog/how-to-scrape-google-search-results-serps-2023-guide/).

**DOCUMENT REQUEST NO. 27:**

All documents and communications relating to the statement attributed to You, in an article published on August 28, 2025 by Stephanie Palazzolo titled, "Meet the Google-Scraping Startup Used by ChatGPT, Cursor and Perplexity," that You access Google Services by "creating fake browsers using a multitude of IP addresses that Google sees as normal users."

**DOCUMENT REQUEST NO. 28:**

All documents and communications relating to the "advanced algorithms to bypass CAPTCHAs and other anti-bot mechanisms" that You advertise at https://serpapi.com/blog/safeguarding-web-scraping-activities-with-serpapi-protecting-privacy-and-security/.

**DOCUMENT REQUEST NO. 29:**

All communications with Your users relating to any challenges to your ability to access Google Services.

**DOCUMENT REQUEST NO. 30:**

All cease and desist letters, takedown notices, notices pursuant to the Digital Millenium Copyright Act, or any other complaints relating to intellectual property, alleged trespass to chattels, or otherwise, that You have received concerning Your Service's access to content owned by third parties.

**DOCUMENT REQUEST NO. 31:**

Documents sufficient to show the number of users, whether paid or unpaid, of Your Services, including but not limited to Your Google APIs.

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to show Your gross revenues, net revenues, and profits attributable to Your Services, including but not limited to Your Google APIs, from January 2022 to present.

**DOCUMENT REQUEST NO. 33:**

All documents referenced directly or indirectly in Your Motion to Dismiss. ECF No. 22.

**DOCUMENT REQUEST NO. 34:**

All non-privileged documents and communications relating to Section 1201 of the Digital

Millenium Copyright Act.

**DOCUMENT REQUEST NO. 35:**

All organizational charts, diagrams, or documents sufficient to show Your corporate structure and reporting hierarchy from January 2022 to the present, including the identity, title, and reporting relationships of officers, directors, and employees.

**DOCUMENT REQUEST NO. 36:**

Documents sufficient to identify the individuals and reporting hierarchy for personnel involved in the design, engineering, product management, marketing, compliance, and/or user support functions relating to Your Google APIs from January 2022 to present.

**DOCUMENT REQUEST NO. 37:**

All agreements with Your users regarding access to Your Services from January 2022 to present, including pricing terms, discounts, and services supplied.

**DOCUMENT REQUEST NO. 38:**

Documents sufficient to show Your revenues by month from January 2022 to the present broken down by customer and service.

**DOCUMENT REQUEST NO. 39:**

All documents and communications relating to Your practice of submitting the same request or query to Google Services multiple times, including but not limited to documents and communications discussing your Ludicrous Speed and Ludicrous Speed Max features.

**DOCUMENT REQUEST NO. 40:**

Documents sufficient to show every instance You submitted the same request or query to Google Services multiple times in an effort to bypass or otherwise avoid SearchGuard or JavaScript browser challenges.

**DOCUMENT REQUEST NO. 41:**

Documents sufficient to show any modifications, manipulations, transformations, processing, or other operations You perform on data You obtained from Google Services before sharing that data with Your customers.

Dated:  March 23, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:     /s/ *Lucy Yen*
        Lucy Yen

        *Attorneys for Plaintiff*
        *GOOGLE LLC*

## CERTIFICATE OF SERVICE

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1. **GOOGLE LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO SERPAPI, LLC**

☒ By forwarding the document(s) by electronic transmission on this date to the Internet email address(es) listed below:

| | |
|---|---|
| Katy M. Young | kyoung@astralegal.com |
| Colin Kass | ckass@proskauer.com |
| David A. Munkittrick | dmunkittrick@proskauer.com |
| Heather Tovar | htovar@astralegal.com |
| Joseph E. Clark | jclark@proskauer.com |
| Chloe L. Ashley | cashley@astralegal.com |
| Katey Carlin | kcarlin@astralegal.com |
| Reut N. Samuels | rsamuels@proskauer.com |

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above.  In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Mateo, California on March 23, 2026.

_____
Deborah Grubbs

GOOGLE LLC'S FIRST SET OF REQUESTS
FOR PRODUCTION TO DEFENDANT SERPAPI, LLC

CASE NO.:  4:25-cv-10826-YGR