May 12, 2026

**<u>Via ECF</u>**

The Honorable Yvonne Gonzalez Rogers
Ronald V. Dellums Federal Building & United States Courthouse
Courtroom 1 - 4th Floor
1301 Clay Street
Oakland, CA 94612

<div style="margin-left: 4em;">

Re:     *Google LLC v. SerpApi, LLC*, No. 4:25-cv-10826-YGR
        *Joint Letter Brief Regarding Google's Request for an Order Compelling
        SerpApi's Discovery Responses*

</div>

Your Honor:

Consistent with the Court's Standing Order in Civil Cases, Rule 8(b), Google and SerpApi submit this joint letter brief regarding Google's request for an order compelling SerpApi to respond to Google's discovery requests under Fed. R. Civ. P. 37. The parties met and conferred via videoconference on April 27, 2026, but were unable to resolve the dispute.

<div style="margin-left: 4em;">

Respectfully submitted,

/s/ *Lucy Yen*
Lucy Yen
Counsel for Google LLC

/s/ *Joseph E. Clark*
Joseph E. Clark
Counsel for SerpApi, LLC

</div>

Page 1

### A.    *Google's Position.*

Google seeks an order under Fed. R. Civ. P. 37 compelling SerpApi to respond in full to Google's First Set of Interrogatories and First Set of Requests for Production in light of SerpApi's waiver of all objections in failing to timely respond.

Google is suing SerpApi under Section 1201(a) of the Copyright Act based on SerpApi's ongoing, mass circumvention of SearchGuard, a technological measure that Google implemented to restrict automated access to its Search results and the copyrighted content they contain. SerpApi circumvents SearchGuard to access and take content that Google licenses for display, and then sells that content to others. In doing so, SerpApi is violating Section 1201(a) on a staggering scale.

Discovery opened on March 9, 2026 following the parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). While the parties exchanged initial disclosures on March 23, SerpApi's were bereft of any meaningful information. It identified only a single person (its CEO) as knowledgeable about its conduct, and failed to identify documents it will rely on with any specificity beyond the most generic categories. Google thus commenced written discovery, with six interrogatories seeking, among other things, identities of relevant witnesses, and requests for documents about SerpApi's operations. *See* Exs. A, B. For example, given the deficiencies in SerpApi's initial disclosures, Google sought the identification of individuals involved in the development of SerpApi Services used to access Google's content. Google also requested documents related to SerpApi's public statements about accessing Google's content and the changes SerpApi made to its services to continue accessing Google's content despite SearchGuard.

Citing a pending, but meritless motion to dismiss, SerpApi moved to stay discovery. *See* Dkts. 27, 29, 33. It then duplicated that request for relief in a subsequent letter brief, again relying on its pending motion to dismiss. Dkt. 30. Neither of SerpApi's stay requests has been ruled on, much less granted. SerpApi nonetheless chose to ignore Google's discovery requests entirely, pretending that by requesting a stay, it has obtained one. That position is baseless. "By refusing to comply with discovery merely because a motion to stay is pending, [SerpApi] effectively is granting its own motion … even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities." *Nazemian v. NVIDIA Corp.*, 2026 WL 323304, at *1 (N.D. Cal. Feb. 6, 2026) (granting plaintiffs' motion to compel discovery); *see also Nat'l Corp. Tax Credit Funds III v. Potashnik*, 2008 WL 11339608, at *1 (C.D. Cal. June 16, 2008) ("That defendants have sought a stay is insufficient to avoid their discovery obligations."). SerpApi cites no contrary authority. On May 7, the Court took SerpApi's Motion to Dismiss under submission and vacated the hearing. Dkt. 38. The stay that SerpApi has tried to bestow upon itself by refusing to participate in discovery is thus of indefinite duration.[1]  That is not what is contemplated by the FRCP or the rules of any court anywhere. *See* Fed. R. Civ. P. 1 (rules should "secure the just, *speedy*, and inexpensive determination of every action" (emphasis added)).

Because SerpApi failed to timely respond to Google's discovery requests, SerpApi has waived any objections to them. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . .). "[A] failure to object to discovery requests within the time required

---

[1] Google appreciates the congested nature of the Court's current docket and would welcome the appointment of a Magistrate Judge for discovery purposes.

Page 2

constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025) (same). Google therefore seeks an order under Rule 37 compelling SerpApi to respond in full and without objection within 10 days. *In re PersonalWeb Techs., LLC, Patent Litig.*, 2021 WL 3048455, at *1 (N.D. Cal. July 20, 2021) (ordering PersonalWeb to "respond fully and without objection to Amazon's interrogatories and requests for production"); *Hansford v. Solano Cnty. Dep't of Health & Hum. Servs.*, 2011 WL 3208151, at *2 (E.D. Cal. July 28, 2011) ("[I]t is well-settled that a failure to respond to discovery requests waives objections, including those based on privilege.").

For the first time in this joint letter, SerpApi asserts that it moved for a protective order under Rule 26(c), so its failure to respond should be excused, and its objections preserved, under Rule 37(d)(2). But SerpApi has not filed a protective order motion or even mentioned one, as a review of the docket will confirm. Tellingly, when it filed its duplicative motions to stay, it designated neither of them as a "motion for protective order," an available option in the ECF system. It never sought to meet and confer over specific requests and never served written objections to any of them. Rather, it ignored the discovery on the theory that its motions to stay were pending, as if its stay request had been granted.[2] SerpApi cannot retroactively convert its stay requests, which do not even discuss Rule 26, into a motion for protective order. Such a motion is designed to protect a party from discovery it *specifically* claims to be "oppressi[ve]" or "undu[ly] burden[some]." Fed. R. Civ. P. 26(c). It requires a "particular and *specific* demonstration of fact, as distinguished from stereotyped and conclusory statements." *NML Cap., Ltd. v. Republic of Argentina*, 2015 WL 3489684, at *3 (D. Nev. June 3, 2015) (emphasis added). SerpApi supplied none of that in its stay motions, offering only generic and sweeping conclusions. *See, e.g.*, Dkt. 27 at 2 ("A stay should be granted because it furthers the just, speedy, and efficient resolution of the matter."); Dkt. 30 at 2 (allowing discovery would "likely … generate unnecessary disputes and motion practice"). In short, SerpApi did not file the motion it claims.

Even if SerpApi had moved for a protective order, its "mere filing … does not relieve" it of its duty to respond to Google's discovery requests. *See Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336 (D. Nev. 2016). "[T]hat duty is relieved only by obtaining either a protective order or an order staying the [discovery] pending resolution of the motion for protective order." *Id.* at 336-37 ("Any other rule would allow litigants to engage in gamesmanship and … clog … the discovery process."); *see* Fed. R. Civ. P. 37, advisory committee's note to 1993 amendment ("[T]he relief authorized under [Rule 26(c)] depends on obtaining the court's order to that effect."). Unless and until there is an order, SerpApi has a duty to respond to avoid waiver of its objections. It failed to fulfill that duty.

SerpApi also claims there is no "urgency." But with each passing day, SerpApi accelerates its unlawful behavior, bragging that despite Google "increas[ing] the difficulty" of its SearchGuard challenges, SerpApi will be "quickly able to resolve the problem." Dkt. 1, ¶ 33. Clearly, SerpApi does not intend to stop its misconduct. So that the case can move forward, the Court should order SerpApi to provide full discovery responses, without objection, pursuant to Rule 37.

---

[2] Google told SerpApi in advance of its April 22 deadline that Google expected timely discovery responses and would move to compel if it did not receive them. SerpApi allowed its deadline to come and go without any response at all, and never mentioned any "motion for protective order."

Page 3

### B.    SerpApi's Position.

Google asks the Court to decide, for a third time, the same discovery-timing dispute already presented by SerpApi's pending motion to stay discovery and its Rule 26(c) motion for a protective order directed specifically to Google's First Set of Discovery Requests. Those motions put before the Court whether discovery should proceed before resolution of SerpApi's motion to dismiss, and whether Google's discovery requests should be enforced now. Google's latest filing adds only a waiver theory, arguing that SerpApi should be penalized for awaiting a ruling on the very discovery dispute it timely placed before the Court. That request should be denied.[3]

Google's waiver theory is foreclosed by Rule 37(d)(2). Under that rule, a party's "failure" to respond to discovery is "excused [if] the party failing to act has a pending motion for a protective order." Fed. R. Civ. P. 37(d)(1), (2). As the Advisory Committee explains, "it is the *pendency of a motion for protective order* that may be urged as an excuse" for not responding to a discovery request. *Id.*, 1993 Advisory Comm. Notes. Courts in this District have similarly held:

> "It would make little sense to hold that in order to preserve objections to written discovery, the responding party must file written objections rather than moving for a protective order.… Filing a motion for protective order rather than serving objections puts the disputed matters at issue as quickly [without causing] any prejudice to the propounding party."

*Nelson v. Cap. One Bank*, 206 F.R.D. 499, 500 (N.D. Cal. 2001). For this reason, "the party responding to written discovery may *either* object properly or seek a protective order." *Id*. (*citing* 8 Wright, Miller & Kane, *Federal Practice and Procedure* § 2035 (2d ed 1994)); *see also Vietnam Veterans of Am. v. CIA*, 2010 WL 11730757, *8 (N.D. Cal. 2010) (denying motion to compel because there was a "pending motion" for protective order).

Here, Google does not dispute that SerpApi *timely* filed its motions, and properly preserved its objection to pre-motion-to-dismiss discovery. Almost two months ago, SerpApi explained its position during the 26(f) conference, after which SerpApi promptly filed its motion to stay on March 23, 2026. (ECF 27). Later that day, this Court entered an order stating that, after reviewing "the papers submitted by [SerpApi] in connection with its motion to dismiss," it had concluded that, the case management conference is "premature" until the Court has "resolved" the motion to dismiss, effectively deferring resolution of the parties' disputes concerning discovery timing, its scope, and any limits until after the motion to dismiss has been resolved. (ECF 28).

Despite this order, Google served its first set of discovery requests a few hours later. SerpApi promptly objected, met and conferred, and filed a joint letter seeking a protective order. (ECF 30). The Court then entered a further order vacating the hearing on the motion to stay, indicating it would either "reset the hearing at a later date" or "issue a written decision on the papers." (ECF 36). That order effectuated this Court's earlier order indicating that discovery issues ought to be decided in connection with the motion to dismiss. Importantly, the Court did

---

[3] Without meeting and conferring, Google now asks the Court to appoint a discovery magistrate. For reasons SerpApi has already explained, such appointment is premature until resolution of SerpApi's motions to stay and dismiss, both of which should be decided by Your Honor.

Page 4

not suggest that it was denying SerpApi's motions or that SerpApi should proceed as if its motions had been denied *sub silencio*.

To avoid any misunderstanding, however, SerpApi again informed Google before its response deadline that it would await the Court's ruling on the pending motions.[4]  In response, Google elected to raise the dispute again, using its waiver theory as a new hook.

Google's only response to Rule 37(d)(2) is that SerpApi's "Discovery Letter Brief" does not count as a motion for a protective order.  But Google ignores this Court's discovery dispute procedures, which SerpApi followed to a T.  Certainly, seeking a protective order does not require SerpApi to ignore this Court's Rules.  Nor is there merit that a request to hold responses in abeyance is anything other than a motion under Rule 26(c), which grants courts discretion to "specify [the] time … for … discovery."  *See* Fed. R. Civ. P. 26(c)(1)(B).

Nor do Google's cases do not support its waiver theory.  *Nationstar Mortg.* involved a protective order motion filed the Saturday before a Monday deposition, not, as here, whether objections to written requests are waived during pendency of a *timely* protective order motion.  *Richmark*, *Pizzuto*, *PersonalWeb*, and *Hansford* are also inapposite because all involved a total failure to respond—not a party that filed two motions to preserve its rights.  *See S.P v. San Bernardino*, 2020 WL 4335375, *4 (C.D. Cal. 2020) (declining to find waiver even where the court ordered discovery to begin, and defendant did not move to stay discovery or for a protective order, since "the parties' disagreement over the proper due date does not constitute a total failure to respond.").  *Potashnik* involved only a generalized stay motion—not a Rule 26(c) motion directed to the specific requests.  That distinction is important, as a general motion to stay discovery is a scheduling motion under Rule 16 while a motion for protective order is governed by Rules 26(c) and Rule 37(d).  And *Nazemian* did not find waiver; it simply concluded that discovery should proceed in circumstances not present here.  The defendant *answered* the original complaint and discovery proceeded apace for *two years* before the defendant tried to halt discovery after plaintiffs filed an amended complaint.  Here, in contrast, discovery has not begun, and this Court has expressly deferred entering into a scheduling order until "resolution of the motion."

In any event, Google has suffered no prejudice.  Briefing on SerpApi's motion to dismiss is now complete and the Court has taken it under submission.  (ECF 38).  Google suffers no harm waiting for that decision, at which point the parties can address the appropriate timing and scope of discovery.  Until then, there is no urgency, as Google has not identified any immediate need for the burdensome discovery it seeks.  *See Karr v. Napolitano*, 2012 WL 1965855, *6 (N.D. Cal. 2012) ("Perhaps most significantly, [plaintiff] has not expressed that he has been prejudiced in any way by the delay, and the court does not see how he would have been.").

---

[4] Google falsely asserts that SerpApi "allowed its deadline to come and go without any response at all."  On April 20th, two days before the deadline, SerpApi explained that it intended to wait for a ruling on its pending motions before serving responses.  After Google objected, SerpApi sent another letter, further explaining the basis for its position.

## <u>SIGNATURE ATTESTATION</u>

I, Lucy Yen, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

<div align="center">

*/s/ Lucy Yen*

Lucy Yen

</div>