Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Defendant SerpApi, LLC*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SERPAPI, LLC,<br><br>Defendant. | Case No. 25-CV-10826-YGR<br><br>Hon. Yvonne Gonzales Rogers<br><br>Courtroom 1 – 4th Floor<br>September 22, 2026, 2:15pm |

**SERPAPI'S MOTION TO REQUIRE SERVICE OF THE THREE LICENSE AGREEMENTS INCORPORATED INTO THE AMENDED COMPLAINT**

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the hearing on SerpApi's Motion to Require Service of the Three License Agreements Incorporated into the Amended Complaint will take place on September 22, 2026 at 2:15pm.

The motion seeks an Order pursuant to FRCP 5 and 16 requiring Google to provide to SerpApi the license agreements incorporated into Paragraphs 30 and 31 of the Amended Complaint (ECF 45).[1]

## STATEMENT OF ISSUES TO BE DECIDED

1. Did Google incorporate by reference the agreements contained in the allegations of Paragraphs 30 and 31 of the Amended Complaint?

2. Should Google be required to serve the agreements it incorporated by reference in its Amended Complaint to SerpApi before SerpApi responds to the Amended Complaint?

[1] SerpApi met and conferred with Google via written correspondence and videoconference on August 14, 2026, but was unable to resolve the dispute.

**TABLE OF CONTENTS**

I. THE THREE LICENSE AGREEMENTS ARE INCORPORATED BY REFERENCE INTO THE AMENDED COMPLAINT. .................................................. 1

II. THE TEXT OF THE INCORPORATED AGREEMENTS IS NECESSARY TO DETERMINE WHETHER GOOGLE PLAUSIBLY PLED THE REQUISITE COPYRIGHT OWNER AUTHORIZATION. ................................................................ 3

III. THE COURT HAS THE AUTHORITY UNDER RULE 5 TO ORDER SERVICE OF DOCUMENTS EXPRESSLY INCORPORATED INTO A PLEADING. .......................................................................................................... 5

IV. THE COURT HAS AUTHORITY UNDER RULE 16 TO ORDER PRODUCTION OF DOCUMENTS IN AID OF A RULE 12 MOTION. ......................... 6

V. CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES[2]

**Page(s)**

**CASES**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....3

*Bertini v. Apple Inc.*,
2025 WL 4709184 (N.D. Cal. 2025) (Gonzales Rogers, J.)....1, 2, 5

*Dietz v. Bouldin*,
579 U.S. 40 (2016)....6

*Kidstar v. Facebook Inc.*,
2021 WL 1110227 (N.D. Cal. 2021)....3

*Laub v. U.S. Dep't of Interior*,
342 F.3d 1080 (9th Cir. 2003)....7

*McCoy v. Garcia*,
2023 WL 6535340 (N.D. Okla. 2023)....6

*Meta Platforms, Inc. v. Bright Data Ltd.*,
2024 WL 251406 (N.D. Cal. 2024)....4

*PCT Litig. Tr. v. Oval Labs, Inc.*,
2025 WL 2027049 (Bankr. D. Del. 2025)....6

*Shuckett v. DialAmerica Mktg. Inc.*,
2019 WL 913174 (S.D. Cal. 2019)....3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 5....5, 6

Fed. R. Civ. P. 12....6, 7

Fed. R. Civ. P. 16....6

[2] Unless otherwise noted, all emphasis added, internal citations and quotation marks omitted, and capitalizations and punctuation conformed without brackets.

Google chose to rely on three license agreements in its effort to cure the pleading deficiencies the Court identified in its initial dismissal order. But Google did not attach those agreements, identify the contractual counterparties for two of them, or quote any of their operative terms. Instead, Google purports to paraphrase their import. In its telling, Google does not allege that any of these agreements *expressly* authorize SearchGuard or any anti-bot measure. Rather, it asks the Court to infer that the missing copyright owner authorization can be implied-in-law based on Google's characterizations of the unprovided, unquoted agreements. Because Google chose to place these three agreements at the center of its claims, they are incorporated by reference in the Amended Complaint and must be treated "as though they are part of the complaint itself." *Bertini v. Apple Inc.*, 2025 WL 4709184, *2 (N.D. Cal. 2025) (Gonzales Rogers, J.) (*quoting Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). SerpApi cannot fairly respond to a pleading built on a foundation of documents it has never seen, and this Court cannot fairly test that pleading without them. By this motion, SerpApi asks this Court for an order, pursuant to Rules 5 and 16, requiring Google to serve the three incorporated agreements before SerpApi responds to the Amended Complaint.[3]

## I. THE THREE LICENSE AGREEMENTS ARE INCORPORATED BY REFERENCE INTO THE AMENDED COMPLAINT.

In dismissing Google's original claims, the Court identified a specific pleading deficiency: to state a claim, Google must "allege and later prove that the technological measure in question was implemented and functioned with the authority of the copyright owner." *Order*, ECF 42 at 12-14. The Court rejected Google's argument that such authority could be plausibly inferred from mere "allegations that [Google] licenses copyrighted works for inclusion in the Knowledge Panel."

[3] SerpApi intends to seek an enlargement of time and a briefing schedule for its anticipated motion to dismiss, in which SerpApi's opening brief would be due 30 days after resolution of this motion (and service of the incorporated agreements); Google's opposition would be due 30 days later; and SerpApi's reply would be due 21 days after that. SerpApi proposed this schedule to Google via email on August 12, 2026, and the parties conferred by videoconference on August 14, 2026. Google has not yet stated its position. SerpApi will file an appropriate motion or stipulation as soon as practicable.

*Id*. Absent "***facts regarding the terms*** of the licensing agreements," the Court explained, it could not "infer that such licensing agreements grant Google authorization to deploy" copyright control measures. *Id*. That Order sets the backdrop for Google's Amended Complaint and this motion—establishing that Google must "allege and later prove" the "terms of the licensing agreements" that grant copyright owner authorization for SearchGuard. *Id*.

In an effort to cure that deficiency, Google amended the complaint to allege the existence of three licensing agreements, claiming they supply the "authorization" of "copyright holders" to implement SearchGuard.[4] *See* AC ¶¶ 30-31. Specifically, it identifies a 2017 agreement with an unidentified "licensing partner" purportedly requiring Google to use "commercially reasonable efforts to safeguard the licensed content against unauthorized third-party access." *Id*. ¶ 30. It also claims to have an agreement with a different unidentified "content provider [that] requires … Google [to] ensure [that] the content it licenses will not be available for download by third-parties." *Id*. And it says its agreement with Reddit "directs Google not to enable third parties to extract and independently commercialize the licensed content" appearing publicly on Reddit.com. AC ¶ 31.

But Google did not attach these agreements to the Amended Complaint or quote their operative terms. Google also refused to produce them to SerpApi, even on an outside-counsel's eyes-only basis. Google does not deny, however, that they form the basis of its claims and are incorporated by reference into the Amended Complaint.

As this Court has noted, "incorporation by reference is a 'judicially created doctrine that treats certain documents as though they are part of the complaint itself.'" *Bertini*, 2025 WL 4709184, at *2. The doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id*. It does this by granting the defendant the *right* to "seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*.

[4] Google also relies on its Privacy Policy, *see* AC ¶ 33. That policy is also incorporated into the complaint. But because it is publicly available, it is not the subject of this motion.

Those conditions are met here. Where a claim turns on whether a contract creates a particular right or imposes a particular obligation, courts routinely hold that the contract is incorporated by reference. *See Shuckett v. DialAmerica Mktg. Inc.*, 2019 WL 913174, *3 (S.D. Cal. 2019) (finding incorporation; "[w]hether or not ProspectsDM was permitted to do (or restricted from doing) certain tasks depends in large part on ***its authorization to do so under the parties' contract***."); *Kidstar v. Facebook Inc.*, 2021 WL 1110227, *2 (N.D. Cal. 2021) (User Agreement incorporated into complaint by reference). Here, Google relies on the license agreements as the source of its authority to employ SearchGuard; they are therefore incorporated.

## II. THE TEXT OF THE INCORPORATED AGREEMENTS IS NECESSARY TO DETERMINE WHETHER GOOGLE PLAUSIBLY PLED THE REQUISITE COPYRIGHT OWNER AUTHORIZATION.

Service of the incorporated agreements is necessary because SerpApi cannot adequately respond to the Amended Complaint without them. Google does *not* allege that any of the three agreements expressly authorizes SearchGuard, any anti-bot technology, or any other copyright control measure. Nor does Google *quote* the language of any contractual term. Instead, it offers only its own *characterization* of what the agreements require. Those characterizations are legal conclusions masquerading as facts. The Court need not accept them.

The Supreme Court confronted the same problem in *Twombly*. Plaintiffs alleged that the defendants agreed to boycott competing telephone carriers. But the Court declined to credit that allegation of an agreement as *fact*, instead construing it as a request to draw a legal conclusion from the surrounding facts. "Although *in form* a few stray statements speak directly of agreement," the Court noted, "on a fair reading these are merely legal conclusions resting on the prior allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Google does the same here. It asks the Court to *infer* – from unquoted contractual terms – authorization *implied in law* to implement SearchGuard. The purported authorization itself is not a well-pled *fact*.

But that is not the end of the parallels with *Twombly*. Plaintiffs there relied on snippets from a press statement to infer the existence of an illegal agreement. But the Court did not limit its analysis to the portions of the statement the plaintiff *chose* to quote. As the Court explained,

"the District Court was entitled to take notice of the *full* contents of the published articles referenced in the complaint." *Id*. at 568 n.13. Doing the same, the Court then found that the full text of the statement did not support the meaning plaintiffs ascribed to the out-of-context quotes and dismissed the claims.

Here, too, the Court is not bound by Google's characterization about the scope of implied authorization granted in paraphrased agreements. To determine what authority was conveyed, the Court must look at the contracts themselves. "Contract interpretation is a question of law" and "interpretation starts … with the text of the contract." *See Meta Platforms, Inc. v. Bright Data Ltd.*, 2024 WL 251406, *10 (N.D. Cal. 2024) (rejecting Meta's characterization of the Terms of Service, and finding scraping of public data was not "unauthorized."). Here, there is no text, so there can be no contract interpretation.

Reference to the actual agreement is particularly important because Google's paraphrases are themselves ambiguous. Take the Licensing Partner Agreement. Google asks the court to infer implied authorization because it must use reasonable efforts to "safeguard" content "against unauthorized third-party access." AC ¶ 30. But Google does not allege what constitutes "unauthorized access" under the agreement, or who gets to decide. Ordinarily, the copyright owner defines the scope of authorized access. But here, Google alleges that authorized access is governed by Google's own Terms of Service, without alleging that those terms are incorporated into the Licensing Agreement. Nor does the timing fit. Google alleges that the agreement dates to 2017, nearly a decade before SearchGuard was implemented. AC ¶¶ 30, 36. Without reference to the actual agreement, the Court cannot plausibly infer that it authorized SearchGuard.

Now take the Content Partner. It allegedly "*requires* that Google ensure the content it licenses will not be available for download by third parties." AC ¶ 30. That paraphrase cannot be literally true. If it were, Google would be in breach every time a user copies a link or saves an image from google.com—including when Google's own counsel copied the Willie Mays and Babe Ruth pictures. *Id*. ¶¶ 16, 17. The more sensible reading is that Google is obligated to refrain from *offering* content for download—an obligation Google satisfies by not including a "download"

button on its search page. Nothing in Google's paraphrase *requires* Google to implement anti-bot technologies or even prevent scraping.

Google's allegations concerning the Reddit Agreement are even more implausible. Google does not paraphrase the terms of the Reddit agreement at all. Instead, it quotes Reddit's separate Complaint against SerpApi, in which *Reddit* purports to characterize the agreement. And Google alters even that characterization by placing the word "[licensed]" in brackets, making it unclear if the two parties ever entered into a licensing agreement. AC ¶ 31. But even assuming they did, Google does not say that the agreement mentions anti-bot technologies, and the underlying materials referenced in Reddit's complaint only suggest that *Reddit's* Terms of Service remain in place. If true, that is not authorization for *Google* to employ copyright controls. Nor does it establish that Reddit is itself a copyright owner entitled to grant authorization under the DMCA. The paraphrase, therefore, cannot cure the pleading deficiency the Court identified.

## III. THE COURT HAS THE AUTHORITY UNDER RULE 5 TO ORDER SERVICE OF DOCUMENTS EXPRESSLY INCORPORATED INTO A PLEADING.

Rule 5 requires service of every "pleading filed after the original complaint." Fed. R. Civ. P. 5(a)(1)(B). Once the agreements are incorporated by reference, they are treated "as though they are part of the complaint itself." *Bertini*, 2025 WL 4709184, at *2. Because a defendant is entitled to service of the *entire complaint*, it is also entitled to service of the incorporated documents.[5]

This is no different than when a plaintiff serves a redacted or otherwise incomplete Complaint. Courts have consistently held that appropriate remedy is to require service of the complete complaint, without redactions or omissions. As one court noted,

> "The Court finds the redaction of facts … in a complaint fundamentally unfair, and if permitted, would have the effect of preventing the Defendants from knowing fully the claims being made against them. Simply stated, it is unfairly prejudicial for a defendant to defend itself against claims without knowing the ***full contents*** of the complaint…. Under these circumstances, the Court finds service of process was insufficient."

[5] Because defects in insufficiency of service can be waived, there is only a small window in which such motions are appropriate, limiting their frequency. SerpApi is squarely in that window.

*PCT Litig. Tr. v. Oval Labs, Inc.*, 2025 WL 2027049, *2 (Bankr. D. Del. 2025); *see also McCoy v. Garcia*, 2023 WL 6535340, *4 n.2 (N.D. Okla. 2023) (courts have "generally found that service of an incomplete complaint is insufficient service of process.").

Here, Google has effectively redacted the complaint by withholding the incorporated agreements' contents from both SerpApi and the Court, and by using pseudo-anonymization in the form of generic labels like "a prominent licensing partner" and a "major content provider." AC ¶ 30. Rule 5 may not prohibit Google from paraphrasing the incorporated documents in any way it wants, but it does prevent it from concealing the actual text.[6] It was Google's choice to rely on those agreements to satisfy its pleading burden. But Rule 5 requires them to be served.

## IV. THE COURT HAS AUTHORITY UNDER RULE 16 TO ORDER PRODUCTION OF DOCUMENTS IN AID OF A RULE 12 MOTION.

The Court can also compel production of the incorporated agreements because it has inherent authority to order discovery in aid of Rule 12 motions. Federal courts "possess[] inherent powers … to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). Rule 16 makes that concrete, empowering the Court to take "appropriate action" to facilitate "the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 1, 16(b), 16(c)(2)(P).

Where a document can be considered on a Rule 12 motion, but the defendant lacks access to it, the Court is well within its discretionary powers to order production. It is a narrow rule, but an important one. The situation rarely arises on 12(b)(6) because a court generally cannot consider materials outside the four corners of the complaint, without converting the motion to one for summary judgment, under Rule 12(d). And because incorporated or judicially noticed documents are typically available to the defendant, the need for an order compelling disclosure is infrequent. But when a document is relevant to a Rule 12 motion, the vagaries of which party possesses it should not obstruct a party's ability to raise its defense.

[6] Nor is confidentiality a basis for not attaching the agreements as exhibits to the Amended complaint, since Google could have filed them under seal.

The paradigm example is jurisdictional discovery. Where facts bearing on jurisdiction are in the opposing party's hands, courts routinely order discovery in aid of the Rule 12 motion. Indeed, the Ninth Circuit has held that it is an abuse of discretion to deny discovery when the materials sought are properly considered at the pleading stage and they would be material to the motion's outcome. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."). That is precisely the situation here.

Nor is Google prejudiced by an order compelling production. Google may well be master of its complaint. But it exercised the full extent of that power when it chose to place these three agreements – and only these three agreements – at issue. Having invoked them as the source of its authority to implement SearchGuard, it has no further right to conceal them.

Ordering production before SerpApi files its Rule 12 motion is also an efficient use of judicial resources. Absent such an order, there will be two rounds of Rule 12 motions, as contemplated under Rule 12(h)(2): the first under Rule 12(b)(6), and, if the motion is denied, a second motion under Rule 12(c) once SerpApi receives them in discovery. This will mean that the Court would need to resolve the same underlying question – whether the license agreements satisfy Google's obligation to *plead* copyright owner authority – twice, once on an incomplete record and once when it has all the properly-considered materials before it. That is not efficient.

Nor would ordering production cause delay or expose confidential information. Only three agreements are at issue, and Google's counsel plainly has them in hand—they had to consult them to draft the Amended Complaint. Google could literally attach them to an email and send them – costlessly – to SerpApi's outside counsel of record in less than an hour. Nor is confidentiality an obstacle. SerpApi already agreed to maintain these documents on an outside-counsel's eyes-only basis and to follow the Court's procedures for filing them under seal in connection with its motion to dismiss. SerpApi's Proposed Order incorporates those commitments, making them an enforceable Order of the Court.

## V. CONCLUSION

For the foregoing reasons, the Court should order Google to serve on SerpApi, within seven days, the three license agreements incorporated by reference at paragraphs 30 and 31 of the Amended Complaint.

Dated: August 17, 2026

Respectfully submitted,

/s/ *Colin R. Kass*

Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

Joseph E. Clark (SBN 281021)
David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
jclark@proskauer.com
dmunkittrick@proskauer.com

Katy M. Young (SBN 267791)
AD ASTRA LAW GROUP, P.C.
582 Market Street, 17th Floor
San Francisco, CA 94104
(415) 795-3579
kyoung@astralegal.com

*Attorneys for SerpApi, LLC*
**Admitted Pro Hac Vice*