DAVID H. KRAMER, California State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: dkramer@wsgr.com

LUCY YEN, California State Bar No. 224559
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street, Fifth Floor
New York, NY 10019-6118
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: lyen@wsgr.com

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SERPAPI, LLC,<br><br>Defendant. | Case No.: 4:25-cv-10826-YGR<br><br>**GOOGLE LLC'S OPPOSITION TO SERPAPI'S MOTION TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT** |

Google filed its Amended Complaint on August 10, 2026, adding a series of factual allegations to address the lone deficiency the Court identified in the 17 U.S.C § 1201 anti-circumvention claim that Google originally pled. ECF No. 42 at 12-14 (Order on Motion to Dismiss); ECF No. 45 ¶¶ 30-33, 44 (Amended Complaint). Specifically, at the Court's direction, Google alleged in detail that various licensees have not only authorized, but in some cases obligated, Google to impose technological measures to safeguard the copyrighted content they license to Google. ECF No. 45 ¶¶ 30-33.

Under Rule 15, SerpApi's response to the Amended Complaint is due August 24. It must be limited to the issues it previously argued. ECF No. 42 at 20 (Order instructing SerpApi that "[n]o new argument may be raised in a subsequent motion to dismiss that could have been raised in the first instance."). And another court has since held that Reddit's 1201 claim against SerpApi based on SerpApi's circumvention of Google's technological measure may proceed. *See Reddit, Inc. v. SerpApi LLC*, No. 1:25-cv-08736-PAE (S.D.N.Y.), ECF No. 104 at 42 (Reddit's general allegations regarding its "partnership arrangements," including that it "has always authorized . . . Google[] to protect [Reddit's] content from misuse and prevent unauthorized access" were sufficient to plead authorization); *id.* at 42-43 n.21 ("Section 1201 does not require that the copyright holder specifically authorized the access control measure that was circumvented" because such a requirement would be "unrealistic" and "inconsistent with the DMCA's aim of 'encourag[ing] technological solutions . . . .'" (quoting S. Rep. 105-190 at 11)).

Nevertheless, six days before its response to the Amended Complaint is due, SerpApi asked the Court to extend its response deadline indefinitely. It claims its response should not be required until the Court can consider and resolve a separate motion SerpApi just filed demanding Google produce agreements mentioned in the Amended Complaint. *See* ECF No. 46 (August 17, 2026). As Google will show in timely opposing that separate motion, SerpApi is not entitled to discovery before filing a 12(b)(6) challenge to Google's pleading. SerpApi offers no authority for its novel demand. It is especially misguided given that SerpApi previously sought and obtained a discovery stay in this matter so as to avoid answering discovery requests Google served months ago. *See* ECF 42 at 20.

Pursuant to Federal Rule of Civil Procedure 6(b), SerpApi bears the burden of demonstrating good cause to extend the deadline for responding to an amended pleading. SerpApi does not even mention this standard, much less meet it. No good cause exists here, where "the deadline would have no definite point." *Am. GNC Corp. v. GoPro, Inc.*, No. 18-CV-00968-BAS-BLM, 2018 WL 6262931, at *2 (S.D. Cal. July 18, 2018) (denying the defendant's motion to stay proceedings). Further, the unbounded extension SerpApi seeks would exacerbate the prejudice Google is suffering, as SerpApi is continuing to violate Section 1201 on a massive scale, slurping up licensed copyrighted content and selling it while putting off having to answer for that conduct.

As a courtesy, Google offered a two-week extension of the deadline for SerpApi to answer or challenge the Amended Complaint (and a reciprocal extension of time for Google to respond to any further motion to dismiss). That should be ample given the limited permissible scope of any further motion. Google respectfully requests that the Court reject SerpApi's request for an indefinite extension.

Respectfully submitted,

Dated: August 21, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Lucy Yen*
Lucy Yen
E-mail: lyen@wsgr.com

Attorneys for Plaintiff
GOOGLE LLC