DAVID H. KRAMER, California State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: dkramer@wsgr.com

LUCY YEN, California State Bar No. 224559
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street, Fifth Floor
New York, NY 10019-6118
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: lyen@wsgr.com

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SERPAPI, LLC,<br><br>Defendant. | Case No.: 4:25-cv-10826-YGR<br><br>**GOOGLE LLC'S OPPOSITION TO SERPAPI'S MOTION TO REQUIRE SERVICE OF THE THREE LICENSE AGREEMENTS INCORPORATED INTO THE AMENDED COMPLAINT** |

## TABLE OF CONTNETS

**Page**

INTRODUCTION ........ 1

BACKGROUND ........ 2

ARGUMENT ........ 4

I. Incorporation by Reference Is an Evidentiary Rule, Not a Mechanism for Seeking Document Production. ........ 4

II. Neither Rule 5 Nor Rule 16 Provides a Basis for an Order Requiring Production of Documents Referenced in a Complaint. ........ 7

III. Discovery Is Stayed at SerpApi's Insistence, so the Court Should Deny Its Demand for Unilateral Document Production. ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 8, 9

*Dimmick v. N. Cal. Inst. for Rsch. and Educ.*,
2005 WL 2347116 (N.D. Cal. Sept. 26, 2005) .......... 8

*Doe # 1 v. Am. Fed'n of Gov't Emps.*,
554 F. Supp. 3d 75 (D.D.C. 2021) .......... 7

*EchoStar Satellite, L.L.C. v. Viewtech, Inc.*,
543 F. Supp. 2d 1201 (S.D. Cal. 2008) .......... 3

*Emetoh v. FedEx Freight, Inc.*,
2018 WL 3931874 (N.D. Cal. Aug. 16, 2018) .......... 8

*Finkelstein v. Guardian Life Ins. Co. of Am.*,
2007 WL 1345228 (N.D. Cal. May 8, 2007) .......... 9

*Indect USA Corp. v. Park Assist, LLC*,
2019 WL 3780274 (S.D. Cal. Aug. 12, 2019) .......... 7

*JPMorgan Chase Bank, N.A. v. Hayhurst Mortg., Inc.*,
2010 WL 2949573 (S.D. Fla. July 26, 2010) .......... 6

*Khoja v. Orexigen Therapeutrics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 4, 5

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .......... 5

*Lane v. Page*,
727 F. Supp. 2d 1214 (D.N.M. 2010) .......... 6

*LifeScience Techs., LLC v. Mercy Health*,
632 F. Supp. 3d 949 (E.D. Mo. 2022) .......... 7

*Markel v. Union of Orthodox Jewish Congregations of Am.*,
2020 WL 4369495 (C.D. Cal. Mar. 5, 2020) .......... 9

*McCoy v. Garcia*,
2023 WL 6535340 (D. Okla. Mar. 3, 2023) .......... 8

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998), .......... 5

*PCT Litig. Tr. v. Oval Labs., Inc.*,
2025 WL 2027049 (Bankr. D. Del. July 18, 2025) .......... 8

*Real Est. Training Int'l, LLC v. Nick Vertucci Cos., Inc.*,
2014 WL 12576646 (C.D. Cal. Aug. 4, 2014) .......... 6

*Reddit, Inc. v. SerpApi LLC*, 2026 WL 2210094 (S.D.N.Y. July 31, 2026) .......... 2, 6, 7, 9, 10

*Rewards Network Est. Servs., Inc. v. La Boucherie, Inc.*, 2018 WL 3190810 (N.D. Ill. May 14, 2018) .......... 5

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .......... 9

*Snowden v. Yule*, 2020 WL 1452551 (E.D. Cal. Mar. 16, 2020) .......... 7, 8

*Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) .......... 1

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .......... 5

**STATUTES**

17 U.S.C. § 1201(a) .......... 1, 2

**RULES**

Fed. R. Civ. P. 5 .......... 7

Fed. R. Civ. P. 12(b) .......... *passim*

Fed. R. Civ. P. 12(d) .......... 9

Fed. R. Civ. P 16 .......... 7, 8

## INTRODUCTION

Through this case, Google seeks to hold SerpApi to account for violating 17 U.S.C. §1201(a) by circumventing Google's technological measures to access, acquire and resell licensed copyrighted content appearing in Google's Search results. In its order dismissing Google's initial complaint with leave to amend, the Court rejected the bulk of SerpApi's arguments, but found Google's allegations wanting in one respect: it ruled that the statute required Google to allege facts showing that it deployed its technological measure, SearchGuard, with the authority of copyright holders. ECF No. 42 at 13-14.

Google addressed that issue in its Amended Complaint, alleging at length that it was authorized, and in some cases obligated, to institute technological measures to protect the licensed copyrighted content. It gave examples of multiple agreements, policies, and communications to that effect. The case should now move forward. But in an effort to stall things further, SerpApi demanded Google produce the agreements referenced in the Amended Complaint, claiming it needed them for another motion to dismiss.

When Google declined the demand, SerpApi pressed on with this oddly-titled "Motion to Require Service," and separately sought to stay its deadline to respond to the Amended Complaint until it got what it wanted. That stay request became moot when SerpApi filed another Motion to Dismiss on August 24, 2026. *See* ECF No. 49. The filing of the Motion to Dismiss should similarly moot this motion, as SerpApi has moved forward without the agreements it claimed to need, and could not argue about them for the first time in a reply brief.

But moot or not, this motion is meritless. SerpApi cites no authority entitling it to the materials merely mentioned in the Amended Complaint. It misapprehends the incorporation-by-reference doctrine—which is an evidentiary rule, not a discovery mechanism. Its claim to need the agreements also flouts the basic principle that, on a motion to dismiss, courts must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (cleaned up). SerpApi's demand for discovery from Google also contravenes the discovery stay that SerpApi sought and obtained when Google asked for documents months ago. *See* ECF No. 42 at 20 (staying

discovery "pending the filing of an amended complaint and the resolution of any motion to dismiss the same").

SerpApi should know better. Another federal court has already rejected SerpApi's position in a parallel case asserting that SerpApi violated § 1201(a) by circumventing SearchGuard. Judge Engelmayer in the Southern District of New York denied SerpApi's motion to dismiss Reddit's circumvention claims. *Reddit, Inc. v. SerpApi LLC*, 2026 WL 2210094 (S.D.N.Y. July 31, 2026). In its order, the court rejected SerpApi's assertion that it was entitled to the full Reddit/Google agreement to assess authorization, because "the FAC's account of it adequately supports that Reddit authorized Google to implement measures to control access to its data." *Id.* at *18. SerpApi's position is no better the second time around. The Court should reject its demand.

**BACKGROUND**

In its Order granting SerpApi's first motion to dismiss, the Court rejected nearly all of SerpApi's arguments. ECF No. 42 ("Order"). The Court agreed with Google that the DMCA's "broad language indicates that the set of people or entities who can sue under the statute is defined by whether they suffered an injury arising out of a violation of the DMCA, and not by whether they are owners or exclusive licensees of copyrighted material," Order at 7; that SearchGuard need not be "tailored to control access only with respect to copyrighted components in Google Search results," *id.* at 12; that SearchGuard "require[s] 'the application of information' to access copyrighted components in Google Search results," *id.* at 15; that "SerpApi circumvented SearchGuard," *id.* at 17; and that "SerpApi sells technology that others can use to circumvent SearchGuard," *id.* at 18.

The Court did, however, identify a pleading deficiency, concluding that under § 1201(a)(3)(B) Google was required to allege "facts that raise the inference that SearchGuard was implemented and functions to control access to copyrighted components that may be included in Google Search results with the authority of the copyright owner." *Id.* at 13.[1] In granting Google

---

[1] The Court did not accept Google's argument that any required authority is inherent in copyright holders' grant of licenses, concluding that "[a]llegations that Google has licenses to display copyrighted content in the Knowledge Panel are not sufficient, without more, to raise that

(continued...)

leave to amend, the Court gave Google specific curative instructions—Google needed to allege "facts regarding the terms of the licensing agreements" to support a "reasonabl[e] infer[ence] that such licensing agreements grant Google authorization to deploy" SearchGuard. *Id.* at 13-14.

Google filed its Amended Complaint on August 10, 2026, ECF No. 45 ("FAC"), and heeded the Court's instructions. Among other things, Google alleges that it has the requisite authority to deploy SearchGuard based on "an agreement with a prominent licensing partner that holds copyrights to millions of works that it licenses Google to use in its Search results," under which Google "is obligated to use commercially reasonable efforts to safeguard the licensed content against unauthorized third-party access," FAC ¶ 30; that it "has a licensing agreement with Reddit" that "directs Google not to enable third parties to extract and independently commercialize the licensed content," *id.* ¶ 31; that "Google's licensing partners have [] expressly requested that Google prevent unauthorized access to licensed content" and "specifically asked Google to employ technical measures to prevent [] unauthorized appropriation," *id.* ¶ 32; and that under its privacy policy, Google tells users it "will protect [their uploaded] content from 'unauthorized access,'" *id.* ¶ 33. These new factual allegations amply address the Court's instruction for Google to say "more" about its authority from copyright holders to implement SearchGuard. Order 14.

In advance of its deadline to respond to Google's Amended Complaint, SerpApi's counsel demanded via email that Google produce the agreements referenced in the new pleading. Declaration of Lucy Yen ¶ 4 ("Yen Decl."). Google's counsel responded the next day to ask for authority supporting that demand, noting the discovery stay that SerpApi had sought and obtained, and raising confidentiality concerns in light of SerpApi's refusal to agree to a protective order to govern the action. *Id.* Google also offered to open discovery reciprocally, citing document requests it had served months earlier that SerpApi ignored. *Id.* ¶¶ 4-5.

---

inference." *Id.* at 14. *But see EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 543 F. Supp. 2d 1201, 1206 (S.D. Cal. 2008) ("Because EchoStar contracted and purchased the distribution rights of the programming, it is reasonable to infer that EchoStar also has the authority to control the measures protecting the programming.").

On August 17, 2026, SerpApi filed the instant "Motion to Require Service of the Three License Agreements Incorporated Into the Amended Complaint." ECF No. 46 ("Mot.").[2] A day later, it moved for an indefinite extension of its deadline to respond to the Amended Complaint until 30 days after receipt of the agreements. ECF No. 47 at 2. While both motions were still pending—and despite SerpApi's insistence that it could not "fairly respond to a pleading built on a foundation of documents it has never seen," Mot. 1—SerpApi moved to dismiss the Amended Complaint on August 24, 2026. ECF No. 49. The Court then denied SerpApi's motion for an extension of its response time as moot. ECF No. 50.

On August 26, 2026, Google's counsel asked SerpApi's counsel by email whether SerpApi's filing of its second motion to dismiss mooted this motion as well. Yen Decl. ¶ 6. SerpApi responded that it did not believe its motion was moot, and that it would not withdraw it. *Id.*

## ARGUMENT

### I. Incorporation by Reference Is an Evidentiary Rule, Not a Mechanism for Seeking Document Production.

SerpApi invokes incorporation by reference as the principal basis for requiring Google to produce agreements mentioned in the Amended Complaint. But that doctrine has nothing to do with document discovery. It is instead a rule of evidence that allows a court to consider materials offered by a defendant on a Rule 12(b)(6) motion that are otherwise outside the pleadings. *See, e.g., Khoja v. Orexigen Therapeutrics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)," but incorporation by reference is an "exception[]" that "permit[s] district courts to consider materials outside a complaint" under certain circumstances).

---

[2] For the third time, SerpApi unilaterally noticed its motion for hearing without conferring with Google. That contravenes this District's Professional Conduct Guidelines. *See* https://cand.uscourts.gov/attorneys/admission-bar-membership ("A lawyer should make reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and should consider the scheduling interests of opposing counsel . . . ."). While Google's counsel is fortunately available on the noticed date, SerpApi's practice will inevitably and needlessly multiply proceedings.

Incorporation by reference permits a defendant to submit documents ***it already possesses*** in support of a motion to dismiss when the defendant would otherwise be disallowed from doing so. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies when "the defendant attaches the document to its motion to dismiss"); *accord Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (incorporation by reference allows "the defendant [to] attach the document to his Rule 12(b)(6) motion"), *superseded on other grounds by statute as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (if a document is incorporated by reference, the "defendant may offer such a document"). But incorporation by reference provides no basis for requiring the production of a document that the defendant does not already have. SerpApi cites no case—and Google is aware of none—in which a court has ***ever*** invoked incorporation by reference to require a plaintiff to produce a document. That is for good reason, as the Ninth Circuit has cautioned that the "improper application of [] the incorporation-by-reference doctrine" can "lead to unintended and harmful results," because "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998-99. "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief." *Id.* at 999.

SerpApi seems to believe that a defendant is entitled to compel production of any document mentioned in a complaint in order to support a motion to dismiss. But that would work a dramatic revision of the pleading process, whereby discovery would regularly precede pleading challenges. Courts routinely reject any such notion. For example, in *Rewards Network Est. Servs., Inc. v. La Boucherie, Inc.* the defendant complained that the plaintiff did not produce agreements referenced in the complaint on a Rule 12(b)(6) motion. 2018 WL 3190810, at *2 (N.D. Ill. May 14, 2018). But the court concluded that "[a]t this stage of the proceedings[,] what Plaintiff did not produce is not at issue." *Id.* Instead, "at this procedural posture, the Court must accept Plaintiff's allegations as true and draw all reasonable inferences in Plaintiff's favor." *Id.* The court could not "consider

Defendant's attempts to refute Plaintiff's allegations, including that the controlling agreements are incomplete, because in a Rule 12(b)(6) challenge, 'the attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence.'" *Id.* Any arguments about "the controlling agreements and other contracts" are "best left for summary judgment." *Id.*

Similarly, in *Lane v. Page*, the defendant asked the court to reject allegations regarding an appraisal valuation because the plaintiff "did not attach a copy of this alleged April 2006 appraisal" to the complaint and "refused to provide Defendants with a copy of it when Defendants requested" one. 727 F. Supp. 2d 1214, 1235 (D.N.M. 2010). But even though the appraisal document was "highly relevant to—indeed, perhaps determinative of—the success or failure of this action, the Defendants' arguments are better aimed at a motion for summary judgement." *Id.* at 123. At the motion to dismiss stage, a court "is not concerned with the documents underlying [the] factual allegations, nor with the assumptions or theories upon which those documents are based, so long as [the plaintiff] has alleged nonconclusory, non-speculative facts which, taken as true, state a plausible claim for relief." *Id.*; *see also Real Est. Training Int'l, LLC v. Nick Vertucci Cos., Inc.*, 2014 WL 12576646, at *4 (C.D. Cal. Aug. 4, 2014) ("Plaintiff is not required to provide evidence at the pleading stage . . . Allegations are all that is required on a motion to dismiss."); *JPMorgan Chase Bank, N.A. v. Hayhurst Mortg., Inc.*, 2010 WL 2949573, at *4 (S.D. Fla. July 26, 2010) (denying motion to dismiss for "failure to attach important documents" to complaint and noting that defendant "may request [production of] these documents during discovery").

For that reason, the court in Reddit's parallel case against SerpApi recently rejected an almost identical argument regarding Google's authorization to protect Reddit's copyrighted content. There, like here, SerpApi argued that Reddit failed to plausibly allege that it had authorized Google to deploy SearchGuard. *Reddit*, 2026 WL 2210094, at *18. Even though "no party put the contract between Reddit and Google before the Court" at the motion to dismiss stage, the court credited Reddit's allegations that it "prohibits certain uses by Google of Reddit data and requires adherence to Reddit's policies, including protecting against unauthorized third-party access." *Id.* at *18, 19. While "discovery conceivably could support the contrary conclusion, on a

motion to dismiss in which all factual disputes must [be] resolved in favor of [the] non-movant," Reddit's allegations alone "make eminently plausible that the agreement between Reddit and Google authorized the use of [SearchGuard] to control access to content by Reddit and its users." *Id.* at *19. The same is true of Google's allegations here, and this Court should dispatch SerpApi's demand for agreements just as the *Reddit* court did.

**II. Neither Rule 5 Nor Rule 16 Provides a Basis for an Order Requiring Production of Documents Referenced in a Complaint.**

SerpApi also asks the Court to compel production of the agreements under Rule 5 because "a defendant is entitled to service of the entire complaint." Mot. 5. But again, it fails to offer a single case where a court compelled a document production as a condition of service.

Under SerpApi's telling, Rule 5 "requires" supporting evidence to be served along with the complaint to constitute valid service. Mot. 6. But SerpApi is making that up. Even the failure to serve a complaint's ***actual exhibits*** does not invalidate service, much less the failure to "serve" documents that are merely mentioned in a pleading. *See Doe # 1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 124 (D.D.C. 2021) (rejecting argument that "service of the first amended complaint was defective because the exhibits were not attached" because the pleading "provides ample notice to [defendant] of the allegations against him, even without the exhibits attached"); *accord LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 961-62 (E.D. Mo. 2022) ("[Defendant] argues that service of the Complaint was defective because the exhibits to the Complaint (the Agreements) were not attached at the time of service . . . The Court notes that federal law does not require a plaintiff to attach to his complaint the contract he is suing upon . . . The provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based.") (quoting 5A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1327 (4th ed.)).[3]

---

[3] Courts have also rejected SerpApi's suggestion that the Federal Rules impose a "requirement that any document mentioned in a complaint be attached to as an exhibit." *Snowden v. Yule*, 2020 WL 1452551, at *3 (E.D. Cal. Mar. 16, 2020). *accord Indect USA Corp. v. Park Assist, LLC*, 2019 WL

(continued...)

SerpApi's attempt to analogize Google paraphrasing a provision from an agreement to "effectively redact[ing] the complaint," Mot. 6, borders on frivolous. The "purpose of a complaint" is merely to "give the defendant *fair notice* of what the claim is and the grounds upon which it rests." *Emetoh v. FedEx Freight, Inc.*, 2018 WL 3931874, at *2 (N.D. Cal. Aug. 16, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). SerpApi does not explain how it lacks fair notice of the circumvention claims against it, or the basis for Google's allegations of authorization. SerpApi's lone redaction case, *PCT Litig. Tr. v. Oval Labs., Inc.*, involved a "significant" "redaction of facts" that had "the effect of preventing the Defendants from knowing fully the claims being made against them." 2025 WL 2027049, at *2 (Bankr. D. Del. July 18, 2025). And *McCoy v. Garcia* invoked a complaint that was "missing a page of alleged facts and the beginning of the first claim." 2023 WL 6535340, at *4 n.2, *5 (D. Okla. Mar. 3, 2023). Nothing remotely like that is present here.

Next, SerpApi asserts that the Court may order early document production under its Rule 16 inherent authority to "take 'appropriate action' to facilitate the 'just, speedy, and inexpensive disposition of the action.'" Mot. 6. But whatever the Court's general authority, there is no support for the "narrow rule" SerpApi invents: that "[w]here a document can be considered on a Rule 12 motion, but the defendant lacks access to it," the court can order its production at the pleading stage. *Id.* SerpApi tries to explain away the absence of precedent for this supposed "rule," by claiming "the need for an order compelling disclosure is infrequent." *Id.* That is sophistry. There is no such rule, as demonstrated by SerpApi's failure to identify a single instance in which it was supposedly applied. If anything, the "rule" is directly to the contrary. As the authorities cited above make clear (*supra* 5-6), it is a basic precept of federal civil procedure that "discovery is not required in response to a motion to dismiss" because "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Dimmick v. N. Cal. Inst. for Rsch.*

---

3780274, at *3 (S.D. Cal. Aug. 12, 2019) ("[T]here is no requirement in the Federal Rules of Civil Procedure that a plaintiff attach to its complaint all of the documents supporting its allegations."). To the extent SerpApi hopes to "identify any contradictions between plaintiff's allegations and [the] evidence, that is what discovery and summary judgment practice are for." *Snowden*, 2020 WL 1452551, at *3.

*and Educ.*, 2005 WL 2347116, at *2 (N.D. Cal. Sept. 26, 2005); *accord Markel v. Union of Orthodox Jewish Congregations of Am.*, 2020 WL 4369495, at *5 (C.D. Cal. Mar. 5, 2020) ("Of course, Defendants may be able to [prove their defense] with discovery. However, arguments based on discovery must be made in connection with a motion for summary judgment, not a motion to dismiss.").[4]

Finally, SerpApi's analogy to jurisdictional discovery misses the mark. The parties and courts are expressly permitted to go beyond the pleadings in connection with a jurisdictional challenge. *See, e.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district courts may review evidence beyond the complaint."); *Finkelstein v. Guardian Life Ins. Co. of Am.*, 2007 WL 1345228, at *4 n.1 (N.D. Cal. May 8, 2007) (discussing "the common practice of permitting parties to engage in preliminary and limited discovery to resolve any factual disputes that may raise jurisdictional doubts"). That is not permitted on a 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). SerpApi's authorities are irrelevant in this context.

## III. Discovery Is Stayed at SerpApi's Insistence, so the Court Should Deny Its Demand for Unilateral Document Production.

Though SerpApi deceptively titles its motion, it is plainly a motion to compel discovery. The reason for the opaque naming is clear—at SerpApi's urging, the Court stayed all discovery in this action "pending the filing of an amended complaint and the resolution of any motion to dismiss the same." Order 19 ("[T]here is no immediate need for discovery . . . in connection with the authorizations that [Google] should have received from copyright owners to deploy SearchGuard to protect copyrighted content included in Google Search results."). That stay has allowed SerpApi to withhold all manner of evidence that Google requested back in March, and that Google certainly

---

[4] SerpApi argues there is no harm in compelling Google to produce the documents that SerpApi desires. Mot. 7. While prejudice is not the relevant inquiry, it is SerpApi's aim. It wants documents to convert its motion to dismiss into something resembling a summary judgment motion, where it can argue that Google does not have the authority it has alleged. That line of argument is improper at this stage where the Court must accept Google's factual allegations as true and construe them in the light most favorable to Google. *See Twombly*, 550 US. at 555-56; *see also Reddit*, 2026 WL 2210094, at *18-19.

could have used to supplement its complaint. Further, when SerpApi pressed for the discovery it now seeks, Google offered to open discovery bilaterally. Yen Decl. ¶¶ 4-5. SerpApi refused. *Id.* Google's offer stands, but SerpApi's approach of "discovery for me and not for thee" is not defensible.

## CONCLUSION

By itself, the absence of authority supporting SerpApi's disguised discovery demand justifies denial of its motion. So too does the ample case law barring SerpApi from using the materials it seeks to challenge Google's allegations at the pleading stage. That includes the parallel *Reddit* case, in which SerpApi made and lost the same argument in the same circumstances. The discovery stay that SerpApi demanded and obtained is merely icing on the cake.

For the foregoing reasons, Google respectfully requests that the Court deny SerpApi's Motion to Require Service of the Three License Agreements Incorporated into the Amended Complaint

Dated: August 31, 2026

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
David H. Kramer
E-mail: dkramer@wsgr.com

Attorneys for Plaintiff
GOOGLE LLC