Colin R. Kass (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Defendant SerpApi, LLC*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SERPAPI, LLC,<br><br>Defendant. | Case No. 25-cv-10826-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Courtroom 1 – 4th Floor<br>September 22, 2026, 2:15 p.m. |

**SERPAPI'S REPLY TO ITS MOTION TO REQUIRE SERVICE OF THE THREE LICENSE AGREEMENTS INCORPORATED INTO THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**


I. INTRODUCTION. .... 1

II. THE INCORPORATION DOCTRINE PERMITS – IT DOES NOT BLOCK – CONSIDERATION OF INCORPORATED AGREEMENTS. .... 1

III. THE COURT POSSESSES THE POWER TO COMPEL PRODUCTION OF THE INCORPORATED AGREEMENTS. .... 6

- A. Rule 5 Supplies the Power to Compel Service of the Incorporated Agreements. .... 6
- B. Rule 16 Provides the Power to Order Production of the Incorporated Agreements .... 9
- C. Google's Argument About the Stay of Discovery Is Misplaced. .... 10

IV. CONCLUSION .... 10

## TABLE OF AUTHORITIES[1]

**Page(s)**

**CASES**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 9

*Bertini v. Apple Inc.*,
2025 WL 4709184 (N.D. Cal. 2025) (Gonzalez Rogers, J.) .......... *passim*

*Dimmick v. N. Cal. Inst. for Rsch. and Educ.*,
2005 WL 2347116 (N.D. Cal. 2005) .......... 9

*Doe # 1 v. Am. Fed'n of Gov't Emps.*,
554 F. Supp. 3d 75 (D.D.C. 2021) .......... 8

*Indect USA Corp. v. Park Assist, LLC*,
2019 WL 3780274 (S.D. Cal. 2019) .......... 8

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 4, 8

*Lane v. Page*,
727 F. Supp. 2d 1214 (D.N.M. 2010) .......... 8

*LifeScience Techs., LLC v. Mercy Health*,
632 F. Supp. 3d 949 (E.D. Mo. 2022) .......... 7

*Markel v. Union of Orthodox Jewish Congregations of Am.*,
2020 WL 4369495 (C.D. Cal. 2020) .......... 9

*McCoy v. Garcia*,
2023 WL 6535340 (N.D. Okla. 2023) .......... 8

*PCT Litig. Tr. v. Oval Labs, Inc.*,
2025 WL 2027049 (Bankr. D. Del. 2025) .......... 8

*Real Est. Training Int'l, LLC v. Nick Vertucci Cos., Inc.*,
2014 WL 12576646 (C.D. Cal. 2014) .......... 4

*Reddit, Inc. v. SerpApi LLC*,
2026 WL 2210094 (S.D.N.Y. 2026) .......... 4, 5

[1] Unless otherwise noted, all emphasis added, internal citations and quotation marks omitted, and capitalizations and punctuation conformed without brackets.

*Snowden v. Yule*,
2020 WL 1452551 (E.D. Cal. 2020) ........ 8

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007) ........ 4

**RULES**

Fed. R. Civ. P. 5 ........ 6

Fed. R. Civ. P. 10 ........ 7

Fed. R. Civ. P. 12 ........ 7

Fed. R. Civ. P. 16 ........ 9

**OTHER AUTHORITIES**

Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1327 (4th ed.) ........ 2

## I. INTRODUCTION.

The Court required Google to allege "facts regarding the ***terms*** of the license agreements" that establish copyright-owner authority to implement SearchGuard. Google concedes that no contract provides that express authorization. Instead, it says that three license agreements provide implied-in-law authority—a legal conclusion Google asks this Court to draw from paraphrased provisions that *do not deal* with Google's anti-bot measures or automated access to google.com.

Google does not dispute that these agreements "form the basis" of its claims, are incorporated into the complaint by reference, and are "treat[ed] … as though they [were] part of the complaint itself." *Bertini v. Apple Inc.*, 2025 WL 4709184, *2 (N.D. Cal. 2025) (Gonzalez Rogers, J.). But it seeks to conceal them so that neither SerpApi nor the Court can consider the text of the contracts when assessing the claim's plausibility. The Court should reject the attempt.

Google concedes that the Court could consider the text of the underlying agreements *at the pleading stage* if SerpApi "already possesses" them. G. Br. 5. But it says that the incorporation-by-reference doctrine is not a "discovery mechanism," so it cannot be used to compel production. *Id*. at 1. But the Court has ample powers under Rules 5, 16, and its inherent authority to order production. The notion that a court *lacks* the ***power*** to order a party to produce three-readily available documents that go to the heart of the plaintiff's claim and that can – ***indisputably*** – be considered on a motion to dismiss is laughable.

The Court should order production.

## II. THE INCORPORATION DOCTRINE PERMITS – IT DOES NOT BLOCK – CONSIDERATION OF INCORPORATED AGREEMENTS.

Google's argument that the incorporation doctrine only benefits defendants lucky enough to "already possess" them is wrong. Possession may be nine-tenths of the law, but it does not define the metes and bounds of the incorporation-by-reference doctrine.

***Google Concedes That the Three Agreements "Form the Basis" of Its Claims***. Google acknowledges that, to cure its "pleading deficiency," it needed to allege "***facts*** regarding the *terms* of the licensing agreements to support a reasonable inference" that they conferred "authorization

to deploy SearchGuard." G. Br. 2-3 (cleaned up). Google attempted to do this by referencing three license agreements, each of which "forms the basis" of its *contention* that it has copyright owner authorization to implement SearchGuard. *Bertini*, 2025 WL 4709184, at *2. Google does not dispute that each agreement satisfies the standard for incorporation-by-reference.

Nor can it. The Court cannot determine whether the "terms of [those] license agreements" support a reasonable inference of owner authorization without considering the actual language of each agreement. Order, ECF 42, at 13. Google does not claim these agreements expressly authorize SearchGuard. Instead, it says that, as a matter of contract interpretation, it has *implied-in-law* authorization based on other terms, which Google merely paraphrases. But the assertion of requisite authority is a legal conclusion, not a well-pled fact.[2]

As the leading treatise explains, where a claim rests on contract *interpretation*, the Court is not "bound to accept the pleader's allegations as to the effect of the [agreements]." *See* Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1327 (4th ed.). Because "the terms of the written instrument will control" if any "disparity exists between the written instrument … and the allegations in pleadings," the Court must "independently examine the document and form its own conclusions as to [its] proper construction and meaning." *Id*. That is why the three agreements are properly incorporated: Google placed them at the center of its claim, and the Court cannot fully test the *legal* plausibility of the claim without them.

***The Incorporation Doctrine Does Not Depend on Possession***. Google concedes that, if either party places the agreements before the Court, the Court must consider their text without deference to Google's characterizations. But Google says it can avoid dismissal simply by withholding the documents. The doctrine may permit a "defendant to submit documents it already possesses," it says, but it "provides no basis for requiring the production of a document the defendant does not already have." G. Br. 3, 5.

[2] As explained in SerpApi's Motion to Dismiss, even without the incorporated agreements, the Court can and should dismiss Google's complaint for failure to plausibly allege copyright owner authorization. With the agreements, however, the Court can assess the sufficiency of the pleading with reference to what the incorporated documents actually say.

But the incorporation doctrine does not turn on possession; it turns on the extent of the *plaintiff's* use of the document. If the plaintiff refers to it "extensively" or if it "forms the basis" of its claim, the doctrine is satisfied. Defendants' access to the document is not a consideration.

Any rule based on possession would thwart the purpose of the incorporation doctrine: to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Bertini*, 2025 WL 4709184, at *2. That evil does not depend on possession. If it did, the doctrine would have a gaping blind spot. Plaintiffs can of course ask courts to consider a controlling document. And defendants who happen to have it could too. But hapless defendants who cannot find the document in their files would have to go through discovery before raising the same legal defect on summary judgment. That is not just, fair, or efficient.

Google cites no case suggesting that the doctrine operates that way. Instead, Google cobbles together a string cite of cases where defendants attached incorporated documents to their motions. That addresses mechanics; it does not define the doctrine. A court, of course, cannot consider documents no party placed before it; courts are not omniscient. But this does not mean a defendant must possess the document at the time the complaint was filed. If the Court grants this motion, SerpApi will gain possession of the agreements – and, thus, even under Google's own articulation of the doctrine – the Court would be fully empowered to consider them.

***The Incorporation Doctrine Does Not Preclude Motions to Compel Production***. Google next argues that requiring Google to produce these three documents would cause the sky to fall. In its view, requiring "production of *any* document *mentioned* in a complaint" would "work a dramatic revision of the pleading process."[3] G. Br. 5. Google's fears are unfounded.

[3] Google's premise – that it is somehow improper or unusual for "discovery [to] precede pleading challenges" – is contrary to Rule 26(d), which permits discovery from the outset. While Google is correct that *broad evidentiary discovery* prior to testing the pleadings is often inefficient – and would be here too, which is why the Court stayed discovery – targeted production of three incorporated documents germane to a Rule 12(b)(6) motion does not raise the same concerns and would *ordinarily* be permitted under Rule 26. That is not a "dramatic revision" of the process.

The incorporation doctrine does not apply to every document mentioned in a complaint. It only applies if a particular document "forms the basis" of the claim or is referred to "extensively." *Bertini*, 2025 WL 4709184, at *3. As this court noted, "[t]he mere mention of the existence of a document is insufficient to incorporate [its] contents." *Id.* (incorporating three documents but declining to incorporate five others). This standard prevents any abuse by limiting the doctrine to *controlling* documents that the *plaintiff* itself put at issue.[4]

Google does not argue otherwise. Instead, it assaults the incorporation doctrine itself, claiming that compelling production "flouts the basic principle that, on a motion to dismiss, courts must accept all factual allegations in the complaint as true." G. Br. 1. But the purpose of the incorporation doctrine is to expand the Court's review to the *text* of controlling documents, not just the plaintiff's *characterization* of them. As the Supreme Court explained, "courts *must* consider the complaint in its entirety," including "*in particular, documents incorporated into the complaint by reference*." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Having *instructed* courts to consider incorporated documents, the Supreme Court certainly didn't intend to block them from doing so by stripping them of the power to compel production.

***The Reddit Decision Supports Compelling Production of the Incorporated License Agreements***. Google repeatedly invokes the decision in *Reddit, Inc. v. SerpApi LLC*, 2026 WL 2210094 (S.D.N.Y. 2026), believing it provides grounds to withhold the incorporated agreements. It does not. The decision does not touch Google's alleged agreements with the undisclosed "licensing partner" or "content provider" referred to in paragraph 30 of its Amended Complaint.

Even as to the Reddit agreement, the *Reddit* decision confirms why it ought to be produced. In Reddit's nearly 60-page complaint, there is literally only *one* sentence specifically about its agreement with Google. This is all it alleged:

[4] Google misplaces reliance on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). *Khoja*'s concern was the opposite of here: documents the "defendants possess … to which the plaintiffs do not yet have access." That incorporation-by-reference doctrine was not designed to address that situation. Google's cite to *Real Est. Training Int'l, LLC v. Nick Vertucci Cos., Inc.*, 2014 WL 12576646, *4 (C.D. Cal. 2014), is also inapposite. That case did not even mention the incorporation-by-reference doctrine.

> "For example, on February 22, 2024, Reddit and Google announced a partnership that enabled programmatic access by Google to Reddit content for use in Google's products and services."[5]

The complaint did not attach the agreement, nor did it quote or paraphrase any of its terms. Its only cited source was a press announcement on Reddit's website. While Reddit asserted that all its agreements include generic "prohibitions on redistribution of content" – and some *may* contain other terms – neither the Amended Complaint nor the press release discussed SearchGuard, antibot technologies, or copyright owner authorization to employ such technologies. *Id*.

At the hearing on the motion to dismiss, Judge Engelmayer repeatedly lamented that "nobody's put [the agreement] before the court." *See* July 23, 2026 Hrg. Tr. at 11-12, 37, 74-75.[6] From SerpApi's perspective, there was not much it could do about that. As it explained, "no party [other than Reddit] has a copy of it." *Id*. Because "no party put the contract between Reddit and Google before the court," it drew *inferences* – from the complaint's other allegations about Reddit's general licensing practices – that the Google agreement *might* contain copyright-owner authorization. *Reddit,* 2026 WL 2210094, at *19. The court noted, though, that the actual agreement "***could support the contrary conclusion.***"[7] *Id*.

Judge Engelmayer never suggested it would be improper to consider the agreement's actual terms. Just the opposite. His lament not once, but four times, shows that he wanted it. He simply never had the opportunity to review it or compel its production. This motion rectifies that. It will give the Court the benefit of the agreement the *Reddit* judge so clearly wanted to see but could not.

---

[5] *Reddit, Inc. v. SerpApi LLC*, 25-cv-8736, ECF 55, ¶ 52 & n.26 (S.D.N.Y, Feb. 6, 2026) (*citing a press release*).

[6] Though oral argument was in open court, the transcript has not yet been publicly released. Accordingly, at the Court's request, SerpApi will submit it under seal.

[7] As explained in SerpApi's Motion to Dismiss (ECF 49), Google's allegations regarding the Reddit agreement do not plausibly allege "implied-in-law" authorization to implement SearchGuard. The *Reddit* Court did not address the implied-in-law issue. Instead, it treated Reddit's allegations about the *legal effect* of its contracts as facts. That was error.

## III. THE COURT POSSESSES THE POWER TO COMPEL PRODUCTION OF THE INCORPORATED AGREEMENTS.

Google offers no reason why it cannot produce the incorporated documents. There are only three documents at issue; they are readily available because Google reviewed them when drafting the complaint; they are clearly relevant to the motion to dismiss; and Google would suffer no prejudice or burden by producing them.

Google does not dispute this. Instead, it says production should be barred because the incorporation doctrine is "not a discovery mechanism." G. Br. 1. But this conflates the incorporation doctrine with the Court's powers of compulsion. The doctrine explains why the agreements are needed at the pleading stage. Rules 5 and 16, and the Court's inherent authority, supply the power to order production. Google does not dispute the Court's inherent authority to compel production. That is dispositive. Its arguments under Rules 5 and 16 are also wrong.

### *A. Rule 5 Supplies the Power to Compel Service of the Incorporated Agreements.*

Google argues that the Court lacks the power under Rule 5 to compel service of the license agreements. But it does not dispute that, under Rule 5, the entire amended complaint "***must*** be served on every party." Fed. R. Civ. P. 5(a). Nor does it dispute that the Court has the power to enforce this obligation through an order of compulsion. Google also does not dispute that, once a court determines that a document is incorporated by reference, it becomes "part of the complaint itself." *Bertini*, 2025 WL 4709184, at *2. Taken together, these principles confer the *power* to compel production of the incorporated agreements.

***The Court Has the Power to Enforce Rule 5 by Ordering Service***. Google argues that Rule 5 does not allow a court to compel "document production as a condition of service." G. Br. 7. But SerpApi is not seeking broad document discovery or evidence; it seeks service of the complaint, precisely what Rule 5 requires. That is why Google's strawman – that the rules do not require service of "any document *mentioned* in a complaint" – has no relevance. Documents merely mentioned in a complaint, but not incorporated, are not "part" of the pleading.

Google next argues that Rule 10(c) implicitly strips the Court of the power to require service of incorporated documents. But Rule 10(c) does not speak to service or limit the scope of Rule 5. It just says that "a copy of a written instrument that is an exhibit to a pleading is part of the pleading for ***all purposes***." Fed. R. Civ. P. 10(c). That clearly includes service under Rule 5. Google does not dispute this. Instead, it seeks solace from cases noting that the rule is "permissive" and does not mandate that *every* document "mentioned in a complaint be attached as an exhibit." G. Br. 7 n.3. But Rule 10(c) does not define what constitutes an "exhibit." Nor does it distinguish between exhibits a plaintiff staples to its complaint and those it incorporates by reference. Either way, the document is "part of the complaint." *See Bertini*, 2025 WL 4709184, at *2.

Turning back to Rule 5, Google argues that it need not serve *any* exhibit, whether physically attached or incorporated. G. Br. 7. That too is wrong — it contravenes the *express* "all purposes" language of Rule 10(c).

Google goes astray because its argument – that "even the failure to serve a complaint's actual exhibits does not *invalidate service*" – conflates obligation with remedy. G. Br. 7. The obligation to serve the entire amended complaint, including its exhibits, is distinct from the draconian remedy of *dismissal* for failure to do so. Rule 5 does not, on its own, authorize dismissal. That is governed by Rule 12(b)(5) and is subject to a stricter prejudice standard. SerpApi does not seek *dismissal* for insufficient service; it simply seeks service under Rule 5.[8]

***Service is Ineffective if it Excludes Exhibits Necessary to Provide Fair Notice***. Even if Rule 12(b)(5)'s stricter standard applied, SerpApi would satisfy it. Where the contents of an exhibit are *necessary* for the plaintiff to satisfy its *pleading obligation*, failure to serve the exhibit invalidates service. Even Google acknowledges this. Citing *Twombly*, Google concedes that "the

[8] Google's cite to *LifeScience Techs., LLC v. Mercy Health*, 632 F. Supp. 3d 949, 962 (E.D. Mo. 2022), shows the way. After the defendant refused to accept service of an exhibit on an attorneys-eyes-only basis, it sought *dismissal* for insufficient service. The court denied the dismissal motion as moot after the disputed exhibit was served. That is what SerpApi seeks — service, not dismissal.

purpose of a complaint" is to "give the defendant fair notice of what the claim is and the *grounds* upon which it rests." G. Br. 8. This *links* the pleading standard to *sufficiency* of service.[9]

Only in rare cases will failure to serve an incorporated document cause sufficient prejudice to warrant dismissal. If a plaintiff alleges the existence of a written contract, for example, that is a well-pled fact that itself provides fair notice of existence. So service of the underlying contract would "only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Similarly, failure to serve would not cause prejudice if the exhibit merely establishes an affirmative defense or permits the defendant to present its own version of contested facts. For the same reason, documents that merely provide *context*, but do not control plausibility, would not cause prejudice because references to them could be entirely omitted from the complaint without affecting the claim itself. That is not true here.

***The Incorporated Agreements Are Needed to Provide Fair Notice of the Grounds on Which the Claim of Implied Authorization Is Based***. This Court already *determined* that the *plausibility* of Google's claim ***depends*** on whether Google's license agreements confer copyright owner authorization to implement SearchGuard. Order, ECF 42. It then required Google to allege "***facts*** regarding the ***terms*** of the licensing agreements." *Id*. Because the incorporated exhibits are the only ***non-conclusory*** source of the terms, those exhibits must be served to provide SerpApi fair notice of the *grounds* for the claim.

The facts here are similar to *Twombly*. There, the Court held that any "fair reading" of the Complaint showed that the allegation – that the defendants entered into an express, unwritten

---

[9] In distinguishing cases, Google confirms the link between service and pleading standards. *Compare PCT Litig. Tr. v. Oval Labs., Inc.*, 2025 WL 2027049 (Bankr. D. Del. 2025) (redactions rendered service defective); and *McCoy v. Garcia*, 2023 WL 6535340 (D. Okla. 2023) (same); *with Doe # 1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 124 (D.D.C. 2021) ("substantial compliance" where 104 page complaint provided adequate Rule 8 notice); *Lane v. Page*, 727 F. Supp. 2d 1214 (D.N.M. 2010) (sufficient "non-conclusory" allegations); *Snowden v. Yule*, 2020 WL 1452551, *2 (E.D. Cal. 2020) ("no allegations that are conclusory or that rely on the referenced exhibits to provide factual content"); *Indect USA Corp. v. Park Assist, LLC*, 2019 WL 3780274, *3 (S.D. Cal. 2019) (sufficient "factual support" and no failure to serve incorporated documents).

agreement to boycott competitors – was not a well-pled *fact*, but "merely legal conclusions," requiring the court to consider the other *factual* allegations together with the *incorporated documents*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Here, too, any fair reading of the complaint shows that Google's allegation of copyright owner authorization is merely a legal conclusion about what implied-in-law rights can be inferred from the text of the underlying agreements. Fair notice of the grounds for that claim, therefore, requires service of the agreements.

### ***B. Rule 16 Supplies the Power to Order Production of the Incorporated Agreements.***

Rule 16 also provides the Court with ample authority to require production of the license agreements before SerpApi's Reply to its Motion to Dismiss is due. Google does not dispute that such routine scheduling or production orders are well within the Court's power. Nor does it explain why producing the three readily available agreements it chose to incorporate by reference would cause it any burden or prejudice.[10]

Instead, Google quibbles over whether a special "rule" applies to discovery in aid of Rule 12 motions for incorporated documents. That metaphysical question is not worth this Court's time. Having conceded that the Court has the power to compel production, and that all discretionary factors – including relevance, burden, and proportionality – favor production, there is nothing of consequence left to debate. Accusing SerpApi of "sophistry" does not change that.

Anticipating Google's slippery-slope argument, SerpApi simply pointed out that compelling *incorporated documents* in aid of a Rule 12 motion will not open the floodgates — the universe of "incorporated documents" is small, and defendants typically possess them. In response, Google contradicts itself. On the one hand, it warns that compelling production of incorporated documents will "work a dramatic revision of the pleading process." G. Br. 5. On the other, it says such discovery is never needed because a complaint's "allegations of material fact

[10] Google's cases did not involve incorporated documents. *See Dimmick v. N. Cal. Inst. for Rsch. and Educ.*, 2005 WL 2347116, *2 (N.D. Cal. 2005) (declining to consider a document ***different*** than the one incorporated by reference into the Complaint); *Markel v. Union of Orthodox Jewish Congregations of Am.*, 2020 WL 4369495, *5 (C.D. Cal. 2020) (declining to consider extrinsic evidence that was not incorporated by reference).

are taken as true." *Id*. at 8. The truth lies in between these extremes. In *some* cases, production of incorporated documents is warranted. Where it is, the Court has the power to compel it. Here, this Court already held that the *plausibility* of Google's claim hinges on the "*terms*" of the incorporated agreements. That is enough to warrant their production.

### *C. Google's Argument About the Stay of Discovery Is Misplaced.*

Recognizing that the Court has the power to compel production of the incorporated documents, Google asks the Court to either blow the discovery gates wide open or seal them shut entirely. But it did not move to lift the stay, so the Court should reject the poison pill.

Nor is there reason to condition the production of three incorporated documents on the discovery of terabytes of data touching every conceivable issue raised by the complaint. The Court stayed discovery "pending … resolution of any motion to dismiss" precisely because it wanted to test the pleadings first. Order, ECF 42 at 19. As the Court noted, it is "not clear whether Google will be able to cure the pleading deficiencies [the Court] identified." *Id*. The incorporated documents will answer that question. Production of the incorporated documents will thus facilitate the just, efficient, and speedy resolution of this matter. Google's proposal will not.

## IV. CONCLUSION.

For the foregoing reasons, the Court should order service of the incorporated agreements.[11]

[11] Google argues that SerpApi's motion is moot. But this Court's Scheduling Order (ECF 55), contemplating the possibility of adjusting the motion to dismiss briefing schedule if this motion is granted, demonstrates that this Motion is not moot.

Dated: September 8, 2026

Respectfully submitted,

/s/ *Colin R. Kass*

Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

Joseph E. Clark (SBN 281021)
David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
jclark@proskauer.com
dmunkittrick@proskauer.com

Katy M. Young (SBN 267791)
AD ASTRA LAW GROUP, P.C.
582 Market Street, 17th Floor
San Francisco, CA 94104
(415) 795-3579
kyoung@astralegal.com

*Attorneys for SerpApi, LLC*
**Admitted Pro Hac Vice*