United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GOOGLE LLC,**<br>Plaintiff,<br>vs.<br>**SERPAPI, LLC,**<br>Defendant. | CASE NO. 4:25-cv-10826-YGR<br>**ORDER DENYING MOTION TO COMPEL THE PRODUCTION OF LICENSING AGREEMENTS**<br>Re: Dkt. No. 46 |

Now before the Court is defendant SerpApi LLC's motion for an order compelling plaintiff Google LLC to produce three licensing agreements that SerpApi contends are incorporated by reference into the amended complaint ("AC"). Dkt. No. 46. Google opposes the motion. Dkt. No. 51. For the reasons below, the Court **DENIES** the motion.[1]

## I. BACKGROUND

In its order of July 20, 2026, the Court granted SerpApi's motion to dismiss Google's claims for violations of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201(a)(1)(A) and 1201(a)(2). Order, Dkt. No. 42. The Court dismissed the claims with leave to amend in relevant part because Google failed to plausibly allege that it had implemented SearchGuard to control access to copyrighted works displayed in Google Search results with the authority of the copyright owners as required under 17 U.S.C. § 1201(a)(3)(B). *See id.* at 12–14.

---

[1] The Court finds, in its discretion, that the motion is appropriate for resolution without oral argument. *See* Civil L.R. 7–1(b). Accordingly, the hearing scheduled for September 22, 2026, is **VACATED**.

The Court held that allegations that Google has licenses to display copyrighted content in Google Search results were insufficient, without more, to raise the inference that copyright owners authorized it to deploy technological measures to control access to their copyrighted content. *See id.* at 14. The Court stayed discovery pending the filing of an amended complaint and the resolution of any motion to dismiss the same. *See id*. at 19.

On August 10, 2026, Google filed the AC, in which it alleges that copyright holders or licensing partners have authorized it to implement access control measures like SearchGuard to control access to copyrighted content displayed in Google Search results via three licensing agreements. *See* AC ¶¶ 29–33, Dkt. No. 45. Google did not attach these licensing agreements to the AC.

About a week later, SerpApi filed the present motion to compel the production of the three licensing agreements referenced in the AC "before [it] responds to the Amended Complaint." *See* Dkt. No. 46 at 5. As noted, Google opposes the motion. Dkt. No. 51.

SerpApi then filed an administrative motion to enlarge the time to respond to the AC, Dkt. No. 47, which Google opposed, Dkt. No. 48. While that administrative motion was pending, SerpApi filed a motion to dismiss the AC. Dkt. No. 49. Given that SerpApi had already responded to the AC, the Court denied SerpApi's administrative motion to enlarge the time to respond to the AC as moot. Dkt. No. 50.

Thereafter, Google filed an administrative motion to extend the briefing schedule for SerpApi's motion to dismiss, Dkt. No. 52, and the Court granted it on September 4, 2026, Dkt. No. 55.

## II. Discussion

SerpApi argues that the three licensing agreements mentioned in the AC are incorporated by reference into the AC because Google's claims under the DMCA depend on whether those agreements expressly authorize it to use SearchGuard to control access to copyrighted content displayed in Google Search results. SerpApi further contends that, because the licensing agreements at issue are incorporated into the AC, the Court can and should compel Google to

produce them "before SerpApi responds to the Amended Complaint" as "[it] cannot adequately respond to the Amended Complaint without them." *See* Dkt. No. 46 at 5, 7.

The Court **DENIES** SerpApi's motion to compel for two reasons. First, the fact that SerpApi has already responded to the AC by filing a motion to dismiss, *see* Dkt. No. 49, invalidates its contention that it cannot adequately respond to the AC without the licensing agreements at issue. Second, SerpApi has not cited a single case in which a court has ordered the production of documents mentioned in a complaint on the ground that they are incorporated by reference into the complaint. Nor has SerpApi cited any authority that the incorporation-by-reference doctrine can be used as a discovery mechanism. The cases that SerpApi relies upon are inapposite. In *PCT Litig. Tr. v. Oval Labs, Inc.*, No. 23-11161 (JKS), 2025 WL 2027049, at *2 (Bankr. D. Del. July 18, 2025), the court ordered the plaintiff to serve an unredacted version of the complaint on the defendants because the version of the complaint that the plaintiff originally served on them was redacted. A redacted complaint is not at issue here. In *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003), the Ninth Circuit reversed the district court's denial of jurisdictional discovery because the jurisdictional facts in the case were contested and "additional discovery would be useful to establish federal subject matter jurisdiction" in the context of a "factual motion to dismiss[.]" There is no factual attack on federal subject matter jurisdiction here.

While the incorporation by reference doctrine can be used to allow the Court to evaluate known documents referenced in a complaint, no legal authority exists for the proposition that normal procedural, including discovery, processes should be circumvented.

## III. CONCLUSION

For the reasons above, the Court **DENIES** SerpApi's motion to compel. This order terminates docket number 46.

**IT IS SO ORDERED.**

Dated: September 15, 2026

YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT COURT JUDGE