United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**GOOGLE LLC,**

Plaintiff,

vs.

**SERPAPI, LLC,**

Defendant.

CASE NO. 4:25-cv-10826-YGR

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 49

Pending before the Court is defendant SerpApi LLC's motion to dismiss all claims in the amended complaint ("AC"). Dkt. No. 49. The motion is opposed. Dkt. No. 58. For the reasons below, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND**.[1]

## I. BACKGROUND

### A. Factual Background

For the purpose of resolving the present motion to dismiss, the Court accepts as true the allegations in the AC, Dkt. No. 45, which provides:

Plaintiff Google operates Google Search, which is a search engine service accessible on google.com that locates websites and other information on the Internet relevant to given queries, organizes the information, and presents it as Google "Search results." *Id.* ¶¶ 2, 7, 13–14. Search results "often" include a "Knowledge Panel" at the top of the page that displays information

[1] The Court finds, in its discretion, that the motion is appropriate for resolution without oral argument. *See* Civil L.R. 7–1(b).

derived from Google's "Knowledge Graph," which is a database containing a compilation of information derived from both "licensed and open sources." *Id.* ¶¶ 15–17. Sometimes, some of the information displayed in the Knowledge Panel is copyrighted and licensed by Google from third parties. *See id.* ¶ 16 (example of a Knowledge Panel wherein only one of several images displayed in the Panel was copyrighted). Google Search results also "may" include copyrighted music lyrics, business images and descriptions, and "user-generated content." *See id.* ¶¶ 2, 18.

Defendant SerpApi's business model allegedly is based on appropriating without authorization the output of other services, such as Google Search, by using automated means to scrape their content and then offering the content to third parties for a fee. *Id.* ¶ 20. Although Google prohibits automated access to, and scraping of, Google Search results in its Terms of Service Agreement, *see id.* ¶ 27, SerpApi offers its customers paid subscriptions to "Google Search API," a software service that it advertises as a method to access and scrape Google Search results, including any copyrighted content they may contain (hereinafter, "SerpApi's service"). *See id.* ¶¶ 8, 22, 23. SerpApi does not obtain permission from, or compensate, the copyright holders for any copyright content it scrapes and redistributes to third parties. *Id.* ¶ 21. Because SerpApi allegedly is aware that Google does not want its Search results to be scraped, SerpApi's service includes default features to avoid detection by Google. *Id.* ¶ 24.

The automated search queries that SerpApi generates to scrape Google Search results without authorization impose a deadweight loss on Google because Google does not generate revenue from those queries and thus cannot offset the costs of processing them. *See id.* ¶ 27. Accordingly, in January 2025, Google developed and launched a technological protection measure called SearchGuard to prevent unauthorized third parties from automatically accessing and scraping Google Search results without degrading the Google Search experience for ordinary users. *Id.* ¶¶ 28–29, 36. SearchGuard works by sending a JavaScript "challenge" to search queries that Google receives from unrecognized sources to confirm that they come from real users as opposed to automated software. *Id.* ¶ 35. Google's computer system transmits JavaScript code that calls upon the user's browser to send Google a "solve" for the challenge, i.e., to send Google specific information regarding the browser and user generating the request. *Id.* For human users,

the "solve" is relatively straightforward; their browsers run the JavaScript code and send back the required information seamlessly, without disrupting the user experience. *Id.* However, automated systems that submit automated queries at a massive scale typically cannot solve the SearchGuard challenge. *Id.* As a result, SearchGuard denies them access to Google's Search results. *Id.*

When SearchGuard launched in January 2025, it effectively blocked SerpApi's service from accessing and scraping Google Search results. *Id.* ¶ 36. However, SerpApi quickly developed methods to circumvent SearchGuard, which involve masking its automated queries to make them appear as if they are being generated by human users, and solving SearchGuard's JavaScript "challenge" with a legitimate request and then syndicating the resulting authorization to other unauthorized browsers that have not solved the challenge to make them appear to Google as authorized users. *See id.* ¶¶ 36−38.

Google alleges that copyright holders have authorized it to implement access controls like SearchGuard to control access to the content they license to it. *See id.* ¶¶ 30–33. Google alleges four examples of content for which it purports to have this authorization: (1) content subject to a licensing agreement with a "prominent licensing partner"; (2) content subject to a licensing agreement with "another major content provider"; (3) content subject to a licensing agreement with non-party Reddit that Google licenses for use in "Search Services"; and (4) content subject to the Google Privacy Policy, which governs users' "use of Google services[.]"[2] *See id.* Google does not allege that the Google Search results that SerpApi has allegedly scraped by circumventing SearchGuard contained any of these types of content.

SerpApi's circumvention of SearchGuard causes Google harm: (1) through the direct imposition of costs to respond to SerpApi's billions of automated queries; (2) by undermining Google's investment in the copyrighted content it has licensed; (3) by threatening to disrupt Google's relationship with content licensors; and (4) by forcing Google to incur substantial costs

[2] Because Google does not define "Search Services" or "Google services" in the AC, the Court cannot infer that those services are related to or are a part of the Google Search results that are at issue in this case.

to develop and enhance technological measures to protect against SerpApi's unauthorized scraping of licensed copyrighted content. *Id.* ¶ 47.

Google asserts two claims against SerpApi under the Digital Millenium Copyright Act ("DMCA"): (1) a claim for violations of 17 U.S.C. § 1201(a)(1)(A) based on SerpApi's alleged circumvention of SearchGuard to gain unauthorized access to Google Search results and the copyrighted content they contain; and (2) a claim for violations of 17 U.S.C. § 1201(a)(2) based on SerpApi's manufacturing or providing of a service whose purpose is the circumvention of SearchGuard to gain unauthorized access to Google Search results and the copyrighted content they contain.[3] Google seeks injunctive relief and damages, among other remedies.

**B. Procedural History**

Google filed this action on December 19, 2025. Dkt. No. 1. On July 20, 2026, the Court granted SerpApi's motion to dismiss the complaint. Dkt. No. 42 ("Order"). The Court dismissed Google's claims under the DMCA: (1) without leave to amend to the extent that they were premised on instances where SerpApi allegedly circumvented SearchGuard to access Google Search results that did not contain any copyrighted content; and (2) with leave to amend to the extent that they were premised on instances where SerpApi allegedly circumvented SearchGuard to access Google Search results that did contain copyrighted content. *See id.* at 11–14, 20. The Court stayed discovery pending the filing of an amended complaint and the resolution of any motion to dismiss the same. *See id.* at 20.

On August 10, 2026, Google filed the AC. Dkt. No. 45. SerpApi then filed the present motion to dismiss, Dkt. No. 49 ("Mot.") and Dkt. No. 59 ("Reply"), which Google opposes, Dkt. No. 58 ("Opp'n").

[3] Because Google's claims under the DMCA are premised on the alleged circumvention of SearchGuard to gain unauthorized access to Google Search results, and because Google does not allege that the "Search Services" and "Google services" it mentions in the AC are a part of Google Search or Google Search results, those other services appear to be irrelevant to Google's claims under the DMCA.

United States District Court
Northern District of California

## II. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. Analysis

As noted, Google asserts two claims under the DMCA based on SerpApi's alleged circumvention of SearchGuard to access Google Search results that contain copyrighted content: one under 17 U.S.C. § 1201(a)(1)(A)[4] and the other under 17 U.S.C. § 1201(a)(2).[5]

In its order of July 20, 2026, the Court held that, to state a claim for violations of 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2), Google must allege, among other things, that SearchGuard is a technological measure that (1) effectively controls access to a work protected under the Copyright Act; and (2) was implemented and functioned with the authority of the copyright owner under 17 U.S.C. § 1201(a)(3)(B). *See* Order at 10–14; *see also CDK Global,*

---

[4] Under 17 U.S.C. § 1201(a)(1)(A), "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." *See* 17 U.S.C. § 1201(a)(1)(A).

[5] Under 17 U.S.C. § 1201(a)(2), "[n]o person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that—(A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title." *See* 17 U.S.C. § 1201(a)(2).

United States District Court
Northern District of California

*LLC v. Tekion Corp.*, No. 25-CV-01394-JSC, 2025 WL 1939951, at *8 (N.D. Cal. July 15, 2025) (holding that, to state a claim under 17 U.S.C. § 1201(a), a plaintiff must allege, among other things, that the work protected by the technological measure "was protected under the Copyright Act"); *Reddit, Inc. v. SerpApi LLC*, 840 F. Supp. 3d 308, 342 (S.D.N.Y. 2026) (holding that, to state a claim under 17 U.S.C. § 1201(a), the plaintiff must allege that the technological measure was "authorized by the copyright owner") (citing 17 U.S.C. § 1201(a)(3)(B)).

The Court found that Google had failed to satisfy both requirements and dismissed its claims under the DMCA on that basis. Specifically, the Court found that Google had failed to plausibly allege that all Google Search results protected by SearchGuard contained copyrighted content, as Google alleged that copyrighted content was contained in Search results only when they were accompanied by a "Knowledge Panel" and the Knowledge Panel happened to contain a copyrighted component, which was not always the case. *See* Order at 11. Accordingly, the Court held that Google's DMCA claims failed as a matter of law to the extent that they were premised on instances where SearchGuard controlled access to Google Search results that did not contain a copyrighted component. *See id.* With respect to instances where SearchGuard controlled access to Google Search results that did contain a copyrighted component, the Court found that Google had failed to plausibly allege that copyright owners had authorized it to implement a technological measure like SearchGuard to control access to the copyrighted content as required under 17 U.S.C. § 1201(a)(3)(B). *Id.* at 14. The Court reasoned that it could not infer that Google had the requisite authorization under 17 U.S.C. § 1201(a)(3)(B) based on allegations that Google had licenses to display copyrighted content in the Knowledge Panel because the complaint was devoid of "facts regarding the terms of the licensing agreements that govern its use of any of the copyrighted content in the Knowledge Panel." *See id.* at 13–14.

SerpApi now moves to dismiss Google's claims under 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2) once again, arguing that, although Google added allegations to the AC concerning authorizations it purportedly received to implement SearchGuard with respect to four types of content it licenses from third parties, those allegations fail to cure the deficiencies identified in the Court's order of July 20, 2026, because they do not raise the inference that: (1) the

content is copyrighted; (2) the content appeared in the Search results that SerpApi allegedly scraped in violation of the DMCA; and (3) Google received authorization from the owner of the copyrighted content to implement a technological measure like SearchGuard to control access to that content.[6] The Court considers these arguments below in the context of each type of content at issue.

### A. Content Subject to a Licensing Agreement with Reddit

Google alleges that it has authorization to implement SearchGuard to control access to content subject to "a licensing agreement with [non-party] Reddit, under which Reddit licenses Google to use the copyrighted content of both Reddit and its users in Search Services[,]" and under which Google is directed "not to enable third parties to extract and independently commercialize the licensed content[.]" *See* AC ¶ 31. Google further avers that, when "Reddit suspected that scrapers like SerpApi were accessing, taking, and reselling the content that Reddit had licensed to Google, it specifically asked Google to employ technical measures to prevent such unauthorized appropriation." *See id.* ¶ 32.

SerpApi argues that Google's claims are subject to dismissal to the extent that they are premised on its circumvention of SearchGuard to access Reddit content because Google does not allege facts indicating that Reddit content is protected under the Copyright Act.

"The DMCA prohibits circumvention of a [technological] measure that controls access to 'a work protected under this title'—i.e. the Copyright Act." *See Reddit*, 840 F. Supp. 3d at 339 (quoting 17 U.S.C. § 1201(a)(1)(A)). Accordingly, plaintiff asserting a claim under 17 U.S.C. § 1201(a)(1)(A) or 17 U.S.C. § 1201(a)(2) must allege that the work controlled by the technological measure that the defendant allegedly circumvented was "protected under the Copyright Act[.]" *See id.*; *see also CDK Glob.*, 2025 WL 1939951, at *8 (same). The Copyright Act "protects 'original works of authorship fixed in any tangible medium of expression,' including

[6] SerpApi's motion to dismiss purports to incorporate by reference other arguments it made in prior briefs it filed in this action. *See* Mot. at 17–18. Because the local rules require that all arguments made in support of a motion be contained within a single 25-page brief, *see, e.g.*, Civil L.R. 7–2(b), the Court does not consider these other arguments.

literary works." *See Reddit*, 840 F. Supp. 3d at 339 (quoting 17 U.S.C. § 102(a)). "The sine qua non of copyright is originality." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 111 S. Ct. 1282, 1287 (1991). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id.* "To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice." *Id.* "The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Id.* (citation and internal quotation marks omitted).

Here, Google does not allege any facts describing the content subject to its licensing agreement with Reddit. Accordingly, the Court cannot reasonably infer that such content has the minimal level of creativity that the Copyright Act requires for protection. *Reddit*, 840 F. Supp. 3d at 339, is instructive. There, the court held that the plaintiff, Reddit, had alleged sufficient facts to raise the inference that "snippets" of Reddit posts that were allegedly scraped by the defendant after circumventing a technological measure were protected under the Copyright Act and could give rise to a circumvention-based claim under the DMCA because it alleged that the snippets consisted of "creative contributions from users[.]" *See id.* at 339–40. The court reasoned that those allegations suggested that at least some of the snippets "possess[ed] the minimal level of creativity that the Copyright Act requires." *See id*. Here, by contrast, the AC is devoid of any facts indicating that the content subject to Google's licensing agreement with Reddit was creative. Accordingly, the Court cannot reasonably infer that such content is protected under the Copyright Act, and Google's claims are thus subject to dismissal on that basis.

SerpApi next argues that, even if Reddit content were protected under the Copyright Act, Google's claims would still be subject to dismissal to the extent that they are premised on Reddit content because it does not allege that that content was included in any Search results that SerpApi allegedly scraped by circumventing SearchGuard. *See* Mot. at 10 (arguing that the "Amended Complaint does not identify a single Reddit post that appears in any search result, or any portion of a search result scraped by SerpApi."). The Court agrees. As noted, a circumvention-based claim under the DMCA requires allegations that the technological measure that the defendant

allegedly circumvented effectively controlled access to a work protected under the Copyright Act. *See Reddit*, 840 F. Supp. 3d at 339. Here, Google does not allege that SearchGuard controlled access to Google Search results that contained copyrighted Reddit content. Google alleges that the content subject to its licensing agreement with Reddit is for use in "Search Services." *See* AC ¶ 31. However, Google neither defines "Search Services" in the AC nor alleges facts showing that "Search Services" include the Google Search results that SerpApi allegedly scraped in violation of the DMCA. Accordingly, Google's claims under the DMCA fail on that basis to the extent that they are premised on Reddit content being the work protected under the Copyright Act. *Cf. Reddit*, 840 F. Supp. 3d at 320, 328–30, 339 (denying motion to dismiss DMCA claims under 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2) where the plaintiff, Reddit, alleged that the defendants' circumvention of a technological measure allowed them to access and scrape the copyrighted content that gave rise to the claims, namely copyrighted content "authored by Reddit and its users"); *Ted Entertainment, Inc., v. ByteDance Inc.*, No. 3:25-CV-10933-JSC, 2026 WL 2970541, at *2 (N.D. Cal. Oct. 2, 2026) (denying motion to dismiss DMCA claim under 17 U.S.C. § 1201(a)(1)(A) where the plaintiff alleged that the defendant's circumvention of technological measures allowed it to access the copyrighted content that gave rise to the claim, namely "volumes of [copyrighted] YouTube videos").

SerpApi next argues that Google's claims premised on Reddit content are subject to dismissal for the additional reason that its allegations about its licensing agreement with Reddit do not raise the inference that the agreement granted Google authority to implement a technological measure to control access to Reddit content. To state a claim under 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2), the plaintiff must allege, among other things, that the technological measure at issue was "authorized by the copyright owner." *See* 17 U.S.C. § 1201(a)(3)(B); *see also* Order at 12–14; *Reddit*, 840 F. Supp. 3d at 342 (citing 17 U.S.C. § 1201(a)(3)(B)). Google alleges that it obtained authorization to implement SearchGuard with respect to Reddit content from two sources: (1) its licensing agreement with Reddit, *see* AC ¶ 31; and (2) a request that Reddit made to Google "to employ technical measures to prevent . . . unauthorized appropriation" of Reddit content by "scrapers like SerpApi[,]" *see id.* ¶ 32. Only one of those alleged sources of

authorization needs to be sufficiently alleged in the AC for Google to state a claim for violations of 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2). Here, SerpApi has not shown that Google's allegations with respect to the second source of alleged authorization, namely Reddit's request to implement technological measures, are insufficient to raise the inference that Reddit authorized Google to implement a technological measure to control access to Reddit content under 17 U.S.C. § 1201(a)(3)(B). SerpApi argues that the issue of whether Google has plausibly alleged that it had the necessary authorization under 17 U.S.C. § 1201(a)(3)(B) must be determined based Google's allegations about the licensing agreement between it and Reddit and not based on its allegations about Reddit's "ex-contractual oral authorization." *See* Mot. at 14–15. This argument is unavailing. It implies that authorization under 17 U.S.C. § 1201(a)(3)(B) must be conveyed via a written contract and cannot be conveyed via any other means, but SerpApi has not cited any authority to support that proposition. In the absence of any authority showing that authorization under 17 U.S.C. § 1201(a)(3)(B) cannot be provided by way of a non-contractual request, the Court finds that Google's allegations about Reddit's request are sufficient to raise the inference that the request served to authorize Google to implement a technological measure to control access to Reddit content.

Finally, SerpApi contends that, even if Reddit had granted Google authorization to implement a technological measure to protect Reddit content in general, the grant of authorization would have no effect with respect to copyrighted content owned by Reddit users because Google has failed to allege facts showing that Reddit had the right to authorize the implementation of technological measures with respect to that content. As noted, for a technological measure "[t]o qualify as an access control measure [under the DMCA] . . . the copyright owner must have authorized the implementation" of the technological measure. *See Reddit*, 840 F. Supp. 3d at 342 (citing 17 U.S.C. § 1201(a)(3)(B)). In other words, the authorization required under 17 U.S.C. § 1201(a)(3)(B) must have been provided by the copyright owner. Here, Google alleges that "Reddit has the power" to protect "its own copyrighted works as well as the works that Reddit's users licensed to it" from "misuse" and "unauthorized access[.]" *See* AC ¶ 31. That allegation is conclusory and insufficient to raise the inference that Reddit had the right to authorize Google to

implement a technological measure to control access to Reddit content for which Reddit is not the copyright owner (i.e., Reddit content belonging to Reddit users). *Reddit* demonstrates why Google's allegations are deficient. There, the court held that Reddit plausibly alleged that it had the right to authorize a third party's implementation of technological measures to control access to Reddit users' copyrighted content because it alleged facts describing how it obtained that right from its users. *See Reddit*, 840 F. Supp. 3d at 343 (holding that the complaint "plausibly pleads that [Reddit users] authorized Reddit to protect their interests in their copyrighted works" because it contained allegations showing that Reddit users granted to Reddit, pursuant to Reddit's user agreement, a non-exclusive license to make their content available to third parties and the user agreement "expressly inform[ed] users that Reddit has the authority to protect users' content and enter into licensing agreements that allow [Reddit] to put into place meaningful protections") (citation and internal quotation marks omitted). Here, the AC lacks similar allegations. Accordingly, the Court cannot reasonably infer that Reddit users authorized Reddit to permit Google to implement technological measures with respect to their content. Google's claims under the DMCA thus fail on that basis to the extent that they are premised on Reddit content that belongs to Reddit users.

Based on the foregoing, the Court **GRANTS** SerpApi's motion to dismiss Google's DMCA claims to the extent that they are premised on its circumvention of SearchGuard to access Reddit content.

**B. Content Subject to an Agreement with a "Prominent Licensing Partner"**

Google alleges that it has authorization to implement SearchGuard to control access to content subject to "an agreement with a prominent licensing partner that holds copyrights to millions of works that it licenses Google to use in its Search results." AC ¶ 30. That agreement allegedly "obligate[s]" Google "to use commercially reasonable efforts to safeguard the licensed content against unauthorized third-party access." *See id.*

SerpApi contends that Google's allegations about its licensing agreement with a "prominent licensing partner" do not raise the inference that the partner authorized Google to implement a technological measure to control access to content subject to that agreement.

SerpApi contends that Google merely characterizes the terms of the agreement instead of attaching the agreement or quoting its relevant terms in the AC, and its characterization of the agreement fails to raise the inference that the agreement's provisions about "unauthorized access" cover automated scraping of the content subject to the agreement. *See* Mot. at 7–8; Reply at 6–7. Google responds that SerpApi has not shown that it is required to attach the licensing agreement at issue to the AC, or to quote its terms verbatim in the AC, to plausibly allege authorization under 17 U.S.C. § 1201(a)(3)(B). *See* Opp'n at 7–8. Google further argues that its allegations are sufficient to raise the inference that the licensing agreement at issue authorized it to implement technological measures to control access to content subject to the agreement in light of *Reddit*, 840 F. Supp. 3d at 343–44. *See id.*

The Court agrees with Google that SerpApi has not shown that Google must attach the licensing agreement or quote its terms verbatim in the AC. The authorities upon which SerpApi relies are inapposite because they address claims for breach of contract, not claims under the DMCA.[7] That said, under *Reddit*, the Court finds that Google's allegations about the licensing agreement at issue are insufficient to raise the inference that the contract authorized Google to implement technological measures to control access to content subject to the agreement. There, the court held that the plaintiff, Reddit, had plausibly alleged that a partnership agreement between it and a third party had authorized the third party to implement technological measures to control access to the copyrighted content of Reddit and its users because Reddit alleged: that Reddit licensed the content to the third party subject to restrictions that limited the use of the content for commercial purposes, and that the agreement required the third party to abide by Reddit's policies

---

[7] *See, e.g.*, *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014); *Int'l Mezzo Techs. Inc. v. Airborne ECS LLC*, No. 2:24-CV-01368-JNW, 2025 WL 3513950, at *6 (W.D. Wash. Dec. 8, 2025); *Haskins v. Symantec Corp.*, No. 13-CV-01834-JST, 2013 WL 6234610, at *10 (N.D. Cal. Dec. 2, 2013). Although these authorities are not apt because they address claims for breach of contract, they show that, even when a plaintiff is asserting a claim for breach of contract, the plaintiff is not required to attach the contract to the complaint or to quote its terms verbatim in the complaint, so long as the plaintiff alleges the terms of the contract with sufficient specificity to allow the court to determine whether it is plausible that the contract was breached. *See, e.g.*, *Langan*, 69 F. Supp. 3d at 979 ("While it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached.").



United States District Court
Northern District of California

and restrictions to protect the licensed content, which required protecting the content against unauthorized third-party access and redistribution for commercial purposes. *See Reddit*, 840 F. Supp. 3d at 343–44.

Here, Google's allegations about the licensing agreement at issue are bare and conclusory by comparison. They do not identify the parties to the agreement or describe the nature of the content licensed under the agreement. *See* AC ¶ 30. They also do not describe the terms of the agreement with sufficient detail to raise the inference that the "unauthorized third-party access" from which Google was required to protect the content, *see id.*, encompassed conduct similar to that which is at issue in this litigation (i.e., automated scraping of copyrighted content). *See id.* Accordingly, the Court cannot reasonably infer that the licensing agreement at issue provided Google with the requisite authorization under 17 U.S.C. § 1201(a)(3)(B) with respect to content subject to the agreement. Google's claims are thus subject to dismissal on that basis.

SerpApi also contends that, even if the licensing agreement at issue had authorized Google to implement technological measures to control access to the copyrighted content subject to it, the grant of authorization would have no effect because Google has failed to allege facts showing that its "prominent licensing partner" had the right to authorize Google's implementation of technological measures to control access to that content. SerpApi argues that, because Google alleges that the "prominent licensing partner" was merely the "holder" of copyrights instead of the "owner," the Court cannot reasonably infer that the licensing partner had the right to authorize the implementation of technological measures with respect to the copyrighted content at issue, as a copyright holder is "not necessarily the same" as a copyright owner. *See* Mot. at 7. This argument is unavailing. SerpApi cites no authority that a copyright holder and a copyright owner are "not necessarily the same." On the other hand, Google has cited authorities, which SerpApi has not distinguished, that show that the terms "holder" and "owner" are used interchangeably when describing parties who have ownership rights with respect to copyrighted works. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1021–22 (9th Cir. 2013) (referring to copyright "holders" and "owners" interchangeably); *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 883 (9th Cir. 2016) (same). Based on Google's authorities, the Court can and does

reasonably infer that Google's "prominent licensing partner" had ownership rights over the copyrighted content at issue. Accordingly, this argument fails.

For the foregoing reasons, the Court **GRANTS** SerpApi's motion to dismiss Google's DMCA claims to the extent that they are premised on its circumvention of SearchGuard to access content subject to Google's licensing agreement with a "prominent licensing partner."

**C. Content Subject to an Agreement with a "Major Content Provider"**

Google alleges that it has authorization to implement SearchGuard to control access to content subject to a licensing agreement with "another major content provider[,]" which "requires that Google ensure the content [the major content provider] licenses will not be available for download by third parties[.]" *See* AC ¶ 30.

SerpApi contends that Google's claims are subject to dismissal to the extent that they are premised on its circumvention of SearchGuard to access content subject to its licensing agreement with the "major content provider" because Google does not allege that that content is copyrighted. Mot. at 9. The Court agrees. As noted above, the Copyright Act protects original works, which are works that possess some minimal degree of creativity. *See Feist*, 111 S. Ct. at 1287. Here, Google alleges that the content subject to the agreement at issue is "licens[ed]," *see* AC ¶ 30, but it does not allege that the content is copyrighted or that it has the minimal level of creativity that the Copyright Act demands. Accordingly, because the Court cannot reasonably infer that such content is protected under the Copyright Act, Google's claims are subject to dismissal on that basis.

SerpApi next argues that, even if the content subject to the licensing agreement at issue were copyrighted, Google's DMCA claims premised on that content would still be subject to dismissal because Google does not allege that the Search results that SerpApi allegedly scraped by circumventing SearchGuard contained that content. *See* Mot. at 9. The Court agrees once again. As noted, a circumvention-based claim under the DMCA requires allegations that the technological measure that the defendant allegedly circumvented effectively controlled access to a work protected under the Copyright Act. *See Reddit*, 840 F. Supp. 3d at 338–39. Here, the Court cannot infer that SearchGuard controlled access to the content subject to Google's agreement with

United States District Court
Northern District of California

the "major content provider" because Google does not allege that SearchGuard controlled access to Google Search results that contained that content. Accordingly, Google's claims under the DMCA fail to the extent that they are premised on that content. *Cf. Reddit*, 840 F. Supp. 3d at 320, 328–30, 339; *Ted Entertainment*, 2026 WL 2970541, at *2.

SerpApi also contends that Google's allegations about its licensing agreement with the "major content provider" do not raise the inference that the license agreement's terms authorized Google to implement a technological measure to control access to content subject to the agreement. The Court agrees. Although Google is not required to attach the licensing agreement or quote its terms verbatim in the AC to plausibly plead that it received the requisite authorization under 17 U.S.C. § 1201(a)(3)(B), it must allege sufficient facts to raise the inference that the agreement authorized Google to implement technological measures to control access to content subject to the agreement. Here, Google's allegations about the licensing agreement at issue are inadequate and conclusory, as they do not identify the parties to the agreement, do not describe the nature of the content licensed under the agreement, and not describe the terms of the agreement with sufficient detail to show that Google's obligation to prevent "downloads" of the content by third parties, *see* AC ¶ 30, permit Google to implement technological measures to prevent conduct similar to that which is at issue in this litigation (i.e., automated scraping of copyrighted content). *Cf. Reddit*, 840 F. Supp. 3d at 343–44. Accordingly, the Court cannot reasonably infer that the licensing agreement at issue provided Google with the requisite authorization under 17 U.S.C. § 1201(a)(3)(B) with respect to content subject to it. Google's claims are thus subject to dismissal on that basis to the extent that they are premised on that content.

Finally, SerpApi argues that Google's claims are subject to dismissal for the additional reason that Google has failed to allege that the "major content provider" had the right to authorize Google to implement technological measures to control access to the content subject to the licensing agreement at issue. The Court agrees. As noted, "[t]o qualify as an access control measure [under the DMCA], the TPM [technological protection measure] must have been authorized by the copyright owner." *Reddit*, 840 F. Supp. 3d at 342 (citing 17 U.S.C. § 1201(a)(3)(B)). Here, Google does not allege that the "major content provider" was the owner of

the copyrights to the content subject to the licensing agreement at issue. Accordingly, the Court cannot reasonably infer that the "major content provider" had the right to authorize the implementation of technological measures to control access to the content subject to the agreement under 17 U.S.C. § 1201(a)(3)(B).

Based on the above, the Court **GRANTS** SerpApi's motion to dismiss Google's DMCA claims to the extent that they are premised on its circumvention of SearchGuard to access content subject to Google's licensing agreement with the "major content provider."

**D. Content Subject to the Google Privacy Policy**

Google alleges that "further authorization to implement access controls like SearchGuard on licensed content comes from the Google Privacy Policy, which describes how Google will handle user information, including the user-uploaded and licensed content they supply, such as photos or reviews." AC ¶ 33. "Under the Privacy Policy, which users agree applies to their use of Google services, Google says it will protect such content from 'unauthorized access' and generally enable users to remove such content." *Id.*

SerpApi argues that Google's claims are subject to dismissal to the extent that they are premised on its circumvention of SearchGuard to access content subject to the Google Privacy Policy because Google does not allege that the content subject to that Policy is copyrighted. Mot. at 4–5. The Court agrees. As noted above, the Copyright Act protects original works, which are works that possess some minimal degree of creativity. *See Feist*, 111 S. Ct. at 1287. Here, Google alleges that the content subject to the Google Privacy Policy is "user information," which includes photos and reviews. *See* AC ¶ 33. However, Google does not allege any facts indicating that such content has the minimal level of creativity that the Copyright Act demands. Accordingly, the Court cannot reasonably infer that such content is protected under the Copyright Act, and Google's claims are thus subject to dismissal on that basis to the extent that they are premised on that content.

SerpApi next contends that, even if the content subject to the Google Privacy Policy were copyrighted, Google's claims would still be subject to dismissal to the extent that they are premised on that content because Google does not allege that the Search results that SerpApi

United States District Court
Northern District of California

allegedly scraped contained content subject to the Google Privacy Policy. *See* Mot. at 4–5. The Court agrees. As noted, a circumvention-based claim under the DMCA requires allegations that the technological measure that the defendant allegedly circumvented effectively controlled access to a work protected under the Copyright Act. *See Reddit*, 840 F. Supp. 3d at 338–39. Here, Google does not allege that SearchGuard controlled access to Google Search results that contained content subject to the Google Privacy Policy. Google alleges that the content subject to the Google Privacy Policy is for use in connection with "Google services," *see* AC ¶ 31, but Google neither defines "Google services" in the AC nor alleges facts showing that "Google services" include the Google Search results that SerpApi allegedly scraped without authorization in violation of the DMCA. Accordingly, Google's claims fail to the extent that they are premised on content subject to the Google Privacy Policy being the work protected under the Copyright Act. *Cf. Reddit*, 840 F. Supp. 3d at 320, 328–30, 339; *Ted Entertainment*, 2026 WL 2970541, at *2.

Finally, SerpApi contends that Google's claims are subject to dismissal for the additional reason that Google's allegations do not raise the inference that the terms of the Google Privacy Policy authorize Google to implement technological measures to control access to copyrighted content subject to that policy. The Court agrees with SerpApi. Google alleges that the Google Privacy Policy authorized it to implement technological measures to control access to content subject to the Policy because it provides that Google will protect its users' "licensed content" from unauthorized access. *See* AC ¶ 33. However, those allegations are undermined by the Google Privacy Policy itself, which is incorporated by reference into the AC.[8] *See generally* Dkt. No. 49–3. As SerpApi points out, and Google does not dispute, the Google Privacy Policy contains no terms that refer to "licensed" content or to Google's protection of the same. This distinguishes the facts here from those in *Reddit*, 840 F. Supp. 3d at 343–44, which Google cites for the proposition that its allegations are sufficient to raise the inference that the Google Privacy Policy authorized it

---

[8] The Google Privacy Policy, which SerpApi filed as an attachment to its motion to dismiss, is incorporated by reference into the AC because it forms the basis of Google's claims. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Google does not argue otherwise in its opposition. Accordingly, the Court treats the copy of the Google Privacy Policy as if it were a part of the AC itself for the purpose of resolving the present motion. *See id.*

to implement technological measures to control access to copyrighted content. In *Reddit*, the court found that Reddit plausibly alleged that it had authorization under the Reddit user agreement to protect Reddit users' interests in their copyrighted works and to authorize the implementation of technological measures to control access to such works because it alleged that the user agreement granted Reddit a non-exclusive license to Reddit users' copyrighted content and "expressly inform[ed] users that Reddit ha[d] the authority to protect [that] content and enter licensing agreements [with third parties] that 'allow [Reddit] to put into place meaningful protections.'" *See id.* Here, by contrast, the Google Privacy Policy neither grants Google a license to copyrighted content nor contains terms indicating that Google has the authority to protect licensed copyrighted content in any way. Accordingly, the Court cannot reasonably infer that the Google Privacy Policy authorizes Google to implement technological measures to control access to copyrighted content subject to that Policy.

In light of the foregoing, the Court **GRANTS** SerpApi's motion to dismiss Google's claims to the extent that they are premised on its circumvention of SearchGuard to access content subject to the Google Privacy Policy.

**E. Other Content**

Google alleges that Google Search results sometimes may include copyrighted images in the Knowledge Panel, as well as copyrighted music lyrics, business images and descriptions, and "user-generated content." *See* AC ¶¶ 2, 16, 18.

As noted, to state a claim under 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2), the plaintiff must allege, among other things, that the technological measure at issue was implemented and functioned with the authority of the copyright owner under 17 U.S.C. § 1201(a)(3)(B). *See* 17 U.S.C. § 1201(a)(3)(B); *see also* Order at 12–14; *Reddit*, 840 F. Supp. 3d at 342 (citing 17 U.S.C. § 1201(a)(3)(B)). Here, Google fails to state a claim for violations of 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2) to the extent that those claims are premised on SerpApi's alleged circumvention of SearchGuard to access copyrighted music lyrics, business images and descriptions, and "user-generated content" because Google does not allege any facts showing that the copyright owner with respect to that content authorized Google to implement a technological

United States District Court
Northern District of California

measure to control access to it under 17 U.S.C. § 1201(a)(3)(B). The only sources of authorization that Google alleges in the AC are the licensing agreements and Google Privacy Policy discussed above, but the AC lacks allegations indicating that the copyrighted images, music lyrics, business images and descriptions, and "user-generated content" at issue were subject to those licensing agreements and Policy. Accordingly, because there are no facts in the AC that raise the inference that Google received authorization from the copyright owner to implement technological measures to control access to the content at issue, Google's claims are subject to dismissal on that basis to the extent that they are premised on that content. The Court thus **GRANTS** SerpApi's motion to dismiss those claims.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** SerpApi's motion to dismiss Google's claims under 17 U.S.C. § 1201(a)(1)(A) and 17 U.S.C. § 1201(a)(2). The dismissal is **WITH LEAVE TO AMEND** but only for the purpose of curing the deficiencies discussed above.

To the extent that it may do so without contradicting the allegations in the AC, Google may, within twenty-one (21) days of the date of this order, file an amended complaint consistent with the rulings herein. Google shall comply with this Court's standing order on the filing of amended complaints, which requires emailing a redline comparing the AC to the new complaint to ygrpo@cand.uscourts.gov upon the filing of the new complaint. A failure to file an amended complaint within 21 days will result in the dismissal of this action with prejudice. Any response shall be filed within twenty-one (21) days thereafter. To the extent that such response is a motion, defendant shall not raise any new argument that could have been raised previously. Discovery remains stayed pending the filing of an amended complaint and the resolution of any motion to dismiss the same.

This order terminates docket number 49.

**IT IS SO ORDERED.**

Dated: November 9, 2026

YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT COURT JUDGE